*W. A. Bickle,* for appellant.

---

THE CITY OF INDIANAPOLIS *v.* LANGSDALE and Another.

SALES FOR TAXES.—A complaint to recover back money paid for the purchase of real estate on a sale by a city for delinquent taxes, on the ground that the property sold was used as an institution of learning, and not subject to taxation, was held to be bad, because it did not show that at the time the taxes were levied the property was so used.

SAME.—In the absence of fraud, accident, or mistake, money paid by a purchaser of real estate on a sale for city taxes cannot be recovered back.

APPEAL from the *Marion* Civil Circuit Court.

GREGORY, C. J.—*Langsdale* and *Hamilton* sued the city to recover back money paid by them on the purchase of land sold by the city for the non-payment of taxes, delinquent for the years 1860, 1861, 1862, 1863 and 1864, on the ground that the property was exempt from taxation. The complaint is in two paragraphs, in each of which it is averred that the defendant, at the time of the sale, had no right, title, or interest in the premises sold, the same being the property of the "*Indianapolis Female Institute,*" a college incorporated within the State of *Indiana,* which was at the time of the sale by the defendant, and now is, an institution of learning and education, erected for that purpose, and is organized, with a board of trustees, a full corps of teachers, and has had, and now has, a large number of students in attendance; that the same is not subject to assessment, and is exempt from taxation, and could not be sold for the non-

payment of taxes; that the sale by the defendant of the above described real estate was invalid and wholly void. A demurrer to each paragraph was overruled, and the appellant excepted, and assigns this for error.

By the act of *March* 4th, 1861 (Acts 1861, p. 170), it is provided that "the following property shall be exempt from taxation: * * * * * * . *

"5. Every building erected for the use of any literary, benevolent, charitable, or scientific institution, by any individual or individuals, association or corporation, or erected for the same purpose by any town, township or county, and the tract of land on which such building is situate, not exceeding twenty acres."

There is no statute authorizing the recovery back of money paid on a tax sale by cities, unless it is implied in section 57 of the act for their incorporation, (1 G. & H. 230), in which it is provided that "all sales by the treasurer for delinquent taxes, and the giving of certificates and conveyances therefor, shall be conducted in the like manner as by the county auditors, under the general law of the State." In the general law for the assessment of taxes, it is provided that "whenever the county auditor shall discover, prior to the conveyance of any lands sold for taxes, that the sale was, for any cause whatever, invalid, he shall not convey such lands; but the purchase money, and interest thereon, shall be refunded out of the county treasury to the purchaser, his representatives or assigns, on the order of the county auditor; and such land, if originally liable to taxation, and being still delinquent, shall again be placed on the delinquent list, and the amount so refunded, with interest, be collected as in other cases." 1 G. & H., § 171, p. 110.

There is no averment in the complaint of fraud, accident, or mistake. The complaint is bad; it is not shown that the land sold and described in the certificate of purchase, made a part of the complaint, was, at the time the taxes accrued, exempt from taxation. The averment in the complaint "that the sale by the defendant of the above described real

estate was invalid and wholly void" is a conclusion of law, and not a statement of an issuable fact. It may be true, as stated in the complaint, that at the time of the sale and of the filing of the complaint, the real estate sold was owned by and used for an institution of learning, yet it would not follow from that fact that it was so owned and used at the time the taxes accrued. The facts which would exempt the property in question from taxation must be averred. But we hold, in the absence of fraud, accident, or mistake, that money paid by a purchaser of real estate sold for the non-payment of city taxes cannot be recovered back.

The conducting of the sale by the treasurer for delinquent taxes, and the giving of certificates and conveyances therefor, do not embrace the duty imposed on the auditor and treasurer by section 171 of the general law for the assessment of taxes, cited above. The refunding is no part of the sale, nor is it embraced in the act of giving certificates and conveyances. A right which did not exist at the common law cannot be created unless by positive enactment. The court erred in overruling the demurrers.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrers to the complaint, and for further proceedings.

*B. K. Elliott* and *J. B. Black*, for appellant.

*E. B. Martindale* and *F. Knefler*, for appellees.