Filed April 25, 1884.

---

No. 11,335.

DURHAM v. BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

TAXES.—*Voluntary Payment.*—Without a statute authorizing it, no recovery can be had for taxes voluntarily paid, although paid under protest.

Durham *v.* Board of Commissioners of Montgomery County.

SAME.—*Refunding of.—Complaint.*—A complaint under section 5813, R. S. 1881, to recover taxes alleged to have been wrongfully assessed, must show, not only that the assessment was unauthorized and irregular, but also that the property was not justly subject to the assessment.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries*, for appellant.

*M. Thompson, W. B. Herod* and *W. H. Thompson*, for appellee.

ELLIOTT, J.—This is an action to recover taxes alleged to have been assessed against the appellant by an unauthorized special assessment.

It has long been the rule in this State that there can be no recovery for taxes voluntarily paid, even though paid under protest, unless there is a statute authorizing such a recovery. *Jenks* v. *Lima Tp.*, 17 Ind. 326 ; *Martin* v. *Stanfield,* 17 Ind. 336 ; *Lima Tp.* v. *Jenks,* 20 Ind. 301 ; *City of Indianapolis* v. *Langsdale,* 29 Ind. 486 ; *Board, etc.,* v. *Ruckman,* 57 Ind. 96. If the appellant is entitled to maintain this action, it must be on the ground that there is a statute authorizing it. There is now in force a statute authorizing the refunding of taxes in certain cases. *City of Indianapolis* v. *McAvoy,* 86 Ind. 587. But although there is such a statute, still there is no cause of action stated in the complaint, because it is not shown that the claim of the appellant is within it. An elementary rule is that one who founds a right of action on a statute must make a case within its terms. This the appellant has not done. In order to make a case within the statute, it must be shown, not only that the special assessment was made by an unauthorized person, and in an irregular manner, but also that the property upon which the taxes were laid was not justly subject to the assessment. It is not enough to show that the special assessment was irregular and unauthorized, for it must also be shown that the taxes were unjustly levied. A man can not evade the payment of taxes justly chargeable against him by showing that the wrong person made the assessment. This subject is so well and thor-

oughly discussed in the opinion of NIBLACK, J., in *Board, etc.,* v. *Armstrong,* 91 Ind. 528, that further discussion is unnecessary.   Judgment affirmed.

Filed April 19, 1884.