Filed May 19, 1886.

◀───────▶

*r.*

No. 11,970.

WILLIAMS, TREASURER, v. SEGUR.

COUNTY AUDITOR.—*Taxes.*—*County Commissioners.*—*Contract with Auditor to Discover Omitted Property.*—*Compensation.*—A contract between the county commissioners and the county auditor, by which the latter is to receive, as compensation for discovering and adding to the tax-duplicate omitted property, a certain per cent. of the taxes collected on such property, is unauthorized and void.

SAME.—*Auditor not Authorized to Increase Valuation of Listed Property.*—A county auditor has no authority to increase the valuation of property, properly listed by the owner for taxation, over the valuation made by the township assessor, although the latter has purposely undervalued such property.

From the Steuben Circuit Court.

*A. A. Chapin* and *W. S. O'Rourke*, for appellant.
*J. Morris*, *C. H. Aldrich* and *J. M. Barrett*, for appellee.

HOWK, J.—This was a suit by the appellee, Segur, to enjoin the appellant, Williams, as the treasurer of Steuben county, from collecting certain additional taxes, which the auditor of such county had, upon written notice to Segur, caused to be entered on the tax-duplicate against him and his property. Appellee's complaint was in one paragraph, which the appellant answered in a single special or affirmative paragraph. Appellee's demurrer was sustained to such answer, and the appellant declining to amend or plead further, the court, by its judgment or decree, granted the appellee an injunction as prayed for in his complaint.

Error is assigned here by the appellant upon the decision of the circuit court in sustaining the demurrer to his answer to appellee's complaint.

In his complaint the appellee, Segur, alleged that he was, and had been for five years last past, a citizen and resident taxpayer of Steuben county, and as such, during all such years, had duly listed and returned for taxation to the proper assessor and other officers, demanding the same, a full and complete description of all his real and personal property of every kind, including each item as set forth in the schedule prescribed by statute, and had paid taxes thereon and on all amounts, as each and every article was returned by the assessor for the purposes of taxation. And the appellee averred that, on the 12th day of June, 1883, one Robert H. Johnson was, and since had been, the auditor of Steuben county, and, as such auditor, he on that day entered into a written contract with the board of commissioners of such county, whereby such county auditor was employed by such county board, among other things, "to diligently search for and discover in a lawful manner omitted, concealed and unassessed taxable property, as provided for by section 6416,"

R. S. 1881. In consideration of the services of such county auditor, under such contract, the county board therein covenanted and agreed to pay such auditor " a sum equal to thirty per centum of the money and taxes recovered by the treasurer of such county, by reason of the aforesaid discoveries " of such county auditor, and that such contract should continue in force for one year from the date thereof.

And the appellee further alleged, that immediately after the county auditor, Robert H. Johnson, had entered into such contract, and induced thereby and by his hope of gain thereunder, he on the 1st day of September, 1883, increased the valuation of the property theretofore returned by appellee for taxation, and exhibited by him to and valued by the assessor of Milgrove township, in such county, where the appellee resided, for each of the years 1881, 1882 and 1883, from the amount of $100 for 1881 to $300 for 1882 and $300 for 1883, thus wrongfully and unlawfully adding to the tax-duplicate against appellee the sum of $400; that, prior to so doing, the auditor, Johnson, mailed a notice to appellee to appear on a day therein named and show cause why a certain amount should not be assessed against him for omitted property; that the appellee, knowing he had fully returned all his property for taxation, and believing that the county auditor, by reason of his interest in finding adversely to appellee, under his aforesaid contract with the county board, was incapacitated from acting therein and his decision would be void, did not respond to such notice; that thereupon such auditor so found as aforesaid and entered such amount on the tax-duplicate which was then in the hands of appellant, as the treasurer of Steuben county, who, as such treasurer, was threatening to, and would, if not enjoined from so doing, levy upon and sell appellee's property, to his irreparable injury; that such addition to the tax-duplicate, so made as aforesaid, was not on account of any omitted property, or so claimed to be, but was an increase in the valuation of the property, theretofore returned by the appellee, and upon which he had

theretofore paid all the taxes levied, and the valuation of which was thus arbitrarily and corruptly increased by such county auditor for the reasons aforesaid.

And the appellee, who was a land-owner in such county and taxpayer therein, averred that such pretended tax or lien was wholly void for the following, among other reasons: That the appellee had fully returned all property owned or in any manner possessed or controlled by him, all of which had been duly listed and assessed by the proper officer, and such county auditor had no power to increase such assessment; that such auditor was interested in his decisions against appellee, by reason of such contract, and was, therefore, incompetent to act in the premises; and that appellee had fully paid all taxes legally assessed against him, for any and all purposes. Wherefore appellee prayed for a perpetual injunction, etc.

To this complaint the appellant answered, as we have said, in a single paragraph, wherein he alleged that the assessor, in making the valuation of appellee's property, all of which was personal property, consisting of notes, mortgages, rights, choses in action, and moneys on hand, in Steuben county, and lawfully subject to listing and assessment for taxation, knowingly and purposely, and without the understanding, agreement and consent of such county auditor, and in violation of his duty as such assessor, valued the same at one-third of the true and fair cash value thereof; and that the appellee at the time, and at all subsequent times thereafter, well knew that such valuation was not the fair cash value thereof, and that he had not been assessed and charged with the taxes thereon at the fair cash value thereof. And the appellant further averred that such county auditor, upon ascertaining that such property had been so undervalued, after giving appellee the proper notice to appear and show cause why such property should not be properly valued, and the valuation and assessment thereof be corrected upon the tax-duplicate, and the appellee failing to appear and show sufficient cause, and it appearing to the satisfaction of such au-

ditor that there was an undervaluation, and that such assessment and valuation ought to be corrected, such auditor in his official capacity made the proper correction, and charged the additional tax thereon in a proper manner upon the tax-duplicate, and that such tax was due and wholly unpaid.

The question for our decision is this: Are the facts stated in appellant's answer sufficient to constitute a valid defence to appellee's action? The contract or agreement between the board of commissioners and the auditor of Steuben county, set out in the complaint of the appellee, Segur, in the case in hand, is the same contract or agreement which is given at length in the opinion of this court in *Vandercook* v. *Williams*, *ante*, p. 345. On its face such contract or agreement purports to have been executed by the parties thereto, under and pursuant to the provisions of section 6416, R. S. 1881, in force since March 29th, 1881. After a careful consideration of the terms and stipulations of such contract or agreement, and of the provisions of the statute referred to therein, we reached the conclusion in the case cited that the statute did not, by any fair construction of its provisions, authorize the execution of any such contract or agreement by and between the parties thereto, and that it was absolutely void for this reason, and, also, for the further reason that its terms were in direct contravention of the requirements of public policy. Without repeating here the reasons which influenced us in arriving at this conclusion, it will suffice for us to say in this case what we said in the case cited, that such contract or agreement is not authorized by law and is wholly void.

But the action of the county auditor in increasing the valuation of appellee's property, theretofore listed by him and assessed by the proper township assessor, over and above the assessor's valuation thereof, of which the appellee complains in this case, does not seem to be embraced in, or contemplated by, the contract or agreement executed by and between such auditor and the board of county commissioners. Under such contract or agreement the county board attempted to employ

the county auditor "to diligently search for and discover, in a lawful manner, omitted, concealed and unassessed taxable property, as provided for by section 6416 of the Revised Statutes, the taxes upon which property being lawfully due said county and State." In the order of the county board, providing for such employment of the county auditor, which order is used as a preamble or preface to the contract or agreement proper, and seems to be a part thereof, it is ordered as follows: "That Robert H. Johnson, auditor of Steuben county, be and he is hereby employed and directed to make search for all such omitted and concealed taxables, and also for the evidence of all other moneys due such county, and proceed with reference thereto in the manner provided by law, and in accordance with the written contract executed this day." The "taxables" referred to in this order are elsewhere shown, in such preamble or preface, to be such taxable property as "escapes taxation by reason of evasions and concealments on the part of the owners thereof."

These are the only instances in which the subjects of taxable property or taxes are referred to or mentioned in the contract or agreement, executed by and between the board of commissioners and the auditor of Steuben county. It is manifest therefrom, as it seems to us, that it was not contemplated or intended that the county auditor should be employed by the county board to increase the valuation of property, which had been duly listed and returned by the owner thereof, over the valuation placed thereon by the proper township assessor. But if such contract or agreement could be so construed as to show that the county auditor was thereby employed to increase the valuation of property, duly listed and assessed by the proper officer for taxation, there is no law of this State which authorizes his employment for any such purpose. The county auditor is not authorized by any provision of the statute to increase the valuation of property, properly listed by the owner thereof for taxation, over the valuation thereof by the proper township assessor. Certainly,

section 6416 of the statutes confers no such power or authority upon the county auditor, over the valuation of any such property. That section of the statute provides that, in the single instance of property omitted from the assessment-book or from the tax-duplicate, the county auditor shall add such property to the tax-duplicate with the proper valuation thereof, and charge such property and its owner with the proper amount of taxes thereon; and to enable him to do this, he is invested with all the powers of an assessor, under the law. For no other purpose, and with reference to no other property than property so omitted, is the county auditor invested with such powers. We are of opinion, therefore, that the action of the county auditor, in his attempted increase of the valuation of appellee's property, as stated in his complaint, was not authorized by law, and was and is absolutely void.

In appellant's answer, the substance of which we have given, it will be observed that he has not controverted the material allegations of appellee's complaint. But he has averred, in seeming justification of the action of the county auditor in increasing the valuation of appellee's property, that the proper assessor, in making his valuation of such property, had knowingly and purposely, and without the consent of such auditor, and in violation of his duty as such assessor, valued such property at one-third of the true and fair cash value thereof; and that the appellee then and thereafter well knew that his property had been so undervalued, and that he had not been charged with taxes on his property at the fair cash value thereof. Conceding all these matters to be true, as stated by appellant, they did not authorize or empower the county auditor, under the law, to increase the valuation of appellee's property over its valuation by the proper assessor. We conclude, therefore, that the court did not err in sustaining appellee's demurrer to the appellant's answer.

The judgment is affirmed, with costs.

Filed June 18, 1885; petition for a rehearing overruled June 25, 1886.