Filed April 29, 1891.

---

No. 44.

## Woll, Treasurer, v. Thomas, Administrator.

Taxes.—*Omitted Property.—Under-Valuation.*—Under the tax law of 1881 the county auditor had no power to increase the valuation of property returned, under his general authority to assess omitted property. The auditor could only assess property as omitted where it was distinct, definite and recognizable articles which had not been listed and properly appraised for taxation by the owner.

Same.—*Assessing Property under Wrong Item of Schedule.—Omitted Property.*—Property listed under the wrong item of the owner's tax schedule can not be regarded as omitted property so as to authorize the auditor to revalue it as such.

From the Cass Circuit Court.

*A. G. Jenkins, J. W. McGreevy* and *S. T. McConnell,* for appellant.

*J. C. Nelson, Q. A. Myers* and *W. E. Penfield,* for appellee.

CRUMPACKER, J.—John Thomas died in Cass county, Indiana, in 1887, and the appellee was appointed administrator of his estate. He gave due notice of his appointment, and proceeded with the duties of his trust, and on the 21st day of November, 1888, filed his final settlement report in the Cass Circuit Court, which was set for hearing by the clerk for December 13th, 1888, and due notice was given accordingly.

The hearing of the final report was postponed until the 17th day of December, on which day Charles Woll, treasurer of Cass county, appeared and filed exceptions to the report, upon the ground that a claim for unpaid taxes was pending against said estate undisposed of. At the time of filing such exceptions he filed a claim against the estate, in the form of a complaint, as follows, leaving off the caption :

"The plaintiff, Charles L. Woll, as treasurer of Cass county, Indiana, complains of the defendant, William C. Thomas, administrator of the estate of James Thomas, deceased, and says that he is now, and has been since the first day of December, 1888, treasurer of Cass county, Indiana ; that the defendant is now, and has been since the 29th day of August, 1887, the administrator of James Thomas, deceased, recently, and for and during all the years hereinafter mentioned, a resident of Boone township, Cass county, Indiana, who died on the 21st day of August, 1887 ; that on the 1st day of April, 1883, said James Thomas was the owner of personal property subject to taxation in Cass county, Indiana, of the fair cash value of $12,044.29, and on the first day of April, 1884, he was the owner of personal property subject to taxation, in such county, of the fair cash value of $16,688.15 ; and on the first day of April, 1885, he was the

owner of personal property, subject to taxation, in such county, of the fair cash value of $18,504.97 ; and on the first day of April, 1886, he was the owner of personal property subject to taxation, in said county, of the fair cash value of $22,535.21 ; and on the first day of April, 1887, he was the owner of personal property, subject to taxation, in said county, of the fair cash value of $24,098.65 ; and on the first day of April, 1888, his estate, of which the defendant was and is the administrator, was worth, in personal property, over and above all debts and liabilities of every kind and description subject to taxation, the sum of $25,596.95 ; that said James Thomas did not make and deliver, or cause to be made and delivered, to the proper assessors, in the years 1883, 1884, 1885, 1886, 1887, or any one of said years, a correct list of such property so sold by him ; and the defendant, William C. Thomas, administrator as aforesaid, did not make out and deliver, or cause to be made out and delivered, to the proper assessor, in the year 1888, a correct list of said property so held by him as such administrator ; but the said James Thomas only returned for 1883, $8,699 ; for 1884, $12,376 ; for 1885, $6,444 ; for 1886, $7,075 ; for 1887, $7,916 ; and the said William C. Thomas, as administrator aforesaid, returned in 1888 only $9,036 as the amount and value of the said property so held by them, so subject to taxation, and in consequence thereof the residue of such property so owned by the said James Thomas in the years 1883, 1884, 1885, 1886, and 1887, and the residue of such property so held by the said William C. Thomas, as administrator as aforesaid, in the year 1888, were omitted from the assessment books and tax duplicate, and no taxes were assessed or paid thereon for the said years 1883, 1884, 1885, 1886, 1887, or 1888, or any one of said years; that on the 19th day of November, 1888, Harry Torr, the auditor of said Cass county, was credibly informed, had good reason to believe, and discovered that all the property of said James Thomas had not been assessed for said years ; that there was an omission from the

assessment books and tax duplicates of each of said years, the amount set forth in the above and foregoing; that after having given the defendant William C. Thomas, administrator aforesaid, written notice to appear before him, as such auditor, on the 24th day of November, 1888, and show cause, if any he could, why such omitted property should not be assessed and charged with the amount of taxes due thereon; and the said William Thomas, administrator aforesaid, in pursuance to said notice given him by said auditor, appeared on said November 24th, 1888, before said auditor in person, and by attorney, but failed to show said auditor any good and sufficient cause why such assessment should not be made, and said property charged with the taxes due thereon.

" Whereupon said auditor proceeded to and did assess such omitted property at its true and fair cash value, and charged said omitted property, and the defendant, William C. Thomas, as such administrator, on the tax duplicates, both in the auditor's and in the treasurer's office of Cass county, Indiana, for the years 1883, 1884, 1885, 1886, 1887 and 1888, with the proper and lawful amount of taxes due thereon. That by reason of such assessment, and the placing of said taxes upon the tax duplicates as aforesaid, there are now in the hands of the plaintiff, as such treasurer, for collection against the defendant, taxes for State, county and other purposes, the following sums, to wit:

| For the year 1883 on omitted property valued at | $3,375 | $49 95 |
|---|---|---|
| "    "    "    1884 "    "    "    " | 4,310 | 75 86 |
| "    "    "    1885 "    "    "    " | 12,060 | 169 80 |
| "    "    "    1886 "    "    "    " | 15,460 | 192 94 |
| "    "    "    1887 "    "    "    " | 16,185 | 186 44 |
| "    "    "    1888 "    "    "    " | 13,248 | 198 72 |

Making a total tax for these years of................$873 22

" That no part of said tax has been paid, but the same is due and unpaid; that since the making of said assessment the plaintiff has demanded of the defendant payment of said taxes. And the plaintiff further shows that $23,399.59 came

into the hands of the defendant, as such administrator, after paying all debts and liabilities of said estate, more than sufficient to pay all of said taxes."

An answer was filed to the complaint stating, in effect, that all of the taxable property of the decedent, and of his estate, had been properly listed and returned for taxation for the years named in the complaint, and the proper assessor for each year appraised said property, in good faith, at what he considered its fair cash value, and that no taxable property owned by said decedent or by his estate for any of said years had been omitted from the assessment lists or the tax duplicates. But the auditor of said county, without authority of law undertook to and did re-appraise said property and increased the valuation thereof as fixed and returned by the assessors, and such re-appraisement and increased valuation were the sole basis for the claim asserted in the complaint.

It was also alleged that the claim was not filed thirty days before the time fixed for the final settlement of the estate, and therefore it was barred.

A demurrer was filed to the answer, and overruled, to which the appellant excepted.

A reply in general denial was filed, and the cause was submitted to the court for trial, and resulted in a finding and judgment for the appellee.

A motion for a new trial, on the grounds (1) that the finding was contrary to the law, (2) that it was contrary to the evidence, was overruled, and the appellant duly excepted.

Errors are assigned here which bring before us for decision the appellant's exceptions to the overruling of the demurrer to the answer and in overruling the motion for a new trial.

No error was committed by the court in overruling the demurrer to the answer.

Under the revenue law of 1881 county auditors had no authority to review the work of township assessors, and there-

fore no right to increase the valuation of taxable property listed by the owner and appraised by the assessor. Where articles of property were altogether omitted from taxation, and this fact came to the notice of the auditor, it was his duty, under the provisions of section 6416, R. S. 1881, to enter such property upon the books and assess it for taxation, but this authority was expressly limited to omitted property, and did not include. the power to re-value property which had been listed and appraised. This identical question was decided adversely to the appellant in the case of *Williams* v. *Segur*, 106 Ind. 368. In that case it was held that even when an assessor corruptly and purposely assessed property at less than one-third its actual value, the auditor had no power to re-value it. In such extreme and exceptional cases, involving official corruption and malfeasance upon the part of the assessor, adequate remedies for the protection of the public exist, but they may not be administered by county auditors.

Appellant's learned counsel very earnestly contend that the finding of the court is not supported by sufficient evidence.

The assessment lists for the years from 1883 to 1888, inclusive, were introduced in evidence, and it appears from them that personal property, consisting mainly of cash, notes and credits, was listed each year,.ranging in value as assessed from $6,400 to $9,000. The inventory of the estate prepared and filed by the administrator showed assets of such description of the nominal value of $25,138.99.

These assets, as described in the inventory, consisted of cash, on hand, notes and accounts due the decedent from a large number of persons for medical services rendered by him. The assessment list for 1888, made by the administrator, contains two items of taxables, viz., cash on hand written opposite the first item in the assessment list, valued at $9,000, and stock entered opposite item 38 of the list, valued at $36.

The several assessors, respectively, testified that in making

the assessments they furnished the blank assessment list to the property-owner, and he filled them out by fixing his valuation of the items listed in the column of the sheet indicated for that purpose, opposite the appropriate item, and the assessors generally took his valuation for theirs ; that it was the custom to deduct a certain fixed per centum from the valuation of notes and credits. None of the notes were exhibited to the assessors, nor did they inquire for them, but fixed their valuation thereon in the aggregate, on the basis of the valuation of the owner.

The administrator testified that he prepared the list for 1888, and included in the valuation which was written opposite and credited to item one of the schedule, all of the cash, notes and accounts of the estate, except about $4,000 in greenback currency which he held on the 1st day of April of that year. He stated further that he informed the assessor that the total value of the estate, including cash, notes and credits taxable, was $10,000, and the assessor deducted ten per cent. therefrom and entered the balance, $9,000, for taxation, and that this included the whole of the taxable property of the estate.

Counsel for appellant very ingeniously argue that because for that year no property was returned for taxation in the form of notes and credits, and as the inventory showed a large amount of such items of assets, it is conclusive that there was in fact property omitted from taxation, and consequently the auditor acted within the letter and spirit of the section of the tax law authorizing him to assess omitted property when he made the assessments in controversy.

There was evidence fairly tending to prove that the administrator listed all of the property of the estate for taxation for the year 1888, and if it was accredited to the wrong item in the schedule, it bore its share of the taxes just the same as if it had been correctly scheduled, and can not be regarded as omitted property within the contemplation of the law. To hold otherwise would require a very inequi-

table construction of the statute authorizing the assessment of omitted property, and the result would be, that no one but a lawyer fully informed upon the technical classification of personal property could intelligently prepare a schedule for taxation. In fact, the only evidence tending to prove that any taxable property had been omitted from the assessor's books and the tax duplicates for any of the years charged, was the inventory of the estate prepared by the administrator and filed with the clerk. The notes and credits in the inventory appear to have been appraised at their face value, and the only witness who testified upon the subject of the actual value of these assets, estimated them at fifty per cent. of the appraisement. Deducting from this estimate the per cent. subtracted by the assessors in accordance with their uniform custom in that county, the amounts reported by the respective assessors for each year were not far from the true value of all the property owned by the decedent.

The form of schedule used by the assessors was that adopted by the tax law, and it did not contemplate an itemized statement of notes, credits and accounts reported for taxation, but the taxpayer was required to enter his estimated value of the sum of all such property in the proper column. There was another column for the valuation, fixed by the assessor, and if he chose to adopt the valuation of the taxpayer it can not be said that any property was omitted in the sense of the law, even if the taxpayer's valuation thus adopted proved to be much too low.

Our conclusion is, that the auditor had no right under the law in force at that time, to assess any property as omitted, except distinct, definite and recognizable articles which had not been listed and properly appraised for taxation by the the assessor.

The finding is supported by the evidence and there was no error in refusing a new trial.

A number of other questions are ably discussed by coun-

sel upon both sides, but in view of the conclusion we have reached upon the questions considered, no good purpose would be subserved by extending this opinion to decide them.

Judgment affirmed, with costs.

Filed April 29, 1891.