Florer, Treasurer, *v.* Sherwood, Administrator.

---

No. 15983.

## FLORER, TREASURER, *v.* SHERWOOD, ADMINISTRATOR.

TAXES.—*County Auditor.*—*Assessment of Omitted Property.*—The auditor has no power to increase the valuation of property properly listed for taxation, over the valuation placed on it by the township assessor or by the board of equalization; he can only assess property which has been omitted from the assessment lists and has not been assessed.

SAME.—*Omitted Property.*—*Identification.*—To justify such assessment by

the auditor there must be specific omitted property which is susceptible of identification.

SAME.—*Insufficient Description.*—A description of the property omitted as consisting of "money on hand or on deposit, money loaned, and credits due the estate," is an insufficient identification and description upon which to base an assessment of omitted property, especially where it is admitted that the part of the property listed and assessed, and that not listed and assessed, all belonged to the same classes.

SAME.—*Valuation of Listed Property.—Fraud.*—While the person listing property is required to place a valuation upon it, such valuation will be regarded only as a mere statement of opinion, and fraud can not be predicated on such statement.

SAME.—*Void Assessment.—Decree.—Construction of.*—Where an assessment made by the county auditor is adjudged void, and a decree is rendered cancelling the tax and enjoining its collection, and directing the auditor to strike out and obliterate from the tax duplicate the tax assessed, the words "strike out" and "obliterate," will be construed as requiring the auditor to make such a memorandum on the tax duplicate as will show a cancellation.

From the Tippecanoe Circuit Court.

*R. P. Davidson, J. C. Davidson* and *C. E. Lake,* for appellant.

*J. B. Sherwood* and *J. H. Adams,* for appellee.

McBRIDE, J.—This was a suit by the appellee, as administrator *de bonis non* with the will annexed of the estate of Solomon Romig, deceased, against the appellant as treasurer of Tippecanoe county, to enjoin the collection of certain taxes assessed against the estate represented by him.

The complaint alleged, in substance, that in each of the years from 1881 to 1889, inclusive, he, as such administrator, and his predecessor, one Earhart, as the executor of said estate, had, as required by law, duly listed for taxation all of the taxable property belonging to said estate, and had each year paid all taxes assessed thereon, but that, under the claim that a portion of the personal property belonging to the estate had been omitted and not listed for taxation, the auditor of the county had assumed the right to, and had, placed a large additional amount of personal property upon the tax dupli-

cate, upon which he had assessed taxes which he had extended upon the tax duplicate, and had added penalties thereto, the additional taxes and penalties amounting in the aggregate to $559.69.

It was further averred that there had been in fact no omission of any property, but that the assessor, having placed a valuation upon all of the property belonging to the estate, the auditor placed a higher valuation thereon, and that the assessment by the auditor was only upon a higher valuation of the same property already assessed, and upon which the taxes had been paid.

It is conceded that the complaint is good.

The appellant filed an answer in two paragraphs, each of which the circuit court held bad on demurrer.

The sufficiency of these answers presents the principal question in the case.

The first paragraph of answer gives what is alleged to be the actual value of the taxable personal property belonging to said estate in each of the years in question, and alleges the omission by the executor and administrator in each year to list a portion thereof, giving the aggregate value of such omitted property in each year.

It is alleged that the listing of such property in each of said years was partial only, that the omissions each year were purposely made, with the intent of withholding the omitted property from taxation, that neither the executor nor administrator gave any information to the assessor of the existence of any of the omitted property, and that the assessor, relying upon the lists furnished, and believing them full and accurate, acted accordingly.

It is then averred that " Said property so listed for taxation, and said property not so listed as above charged, consisted of moneys on hand or on deposit within or without the State of Indiana, subject to the order, check or draft of said Earhart for the years 1881 and 1882, and for the re-

maining years above charged, subject to the order, check or draft of said Sherman as such trustees ; also, of moneys belonging to said estate loaned out, either on time or on call, and credits due said estate, but defendant is unable to give a more particular description of the said property, or of any part thereof, nor can he better describe the part so listed for taxation, or the part not so listed ; but that at each of said times said property was so listed, the person listing the same well knew that such property was of the total value above charged on the first day of April in each of said years."

It is well settled that the auditor has no power to increase the valuation of property properly listed for taxation, over the valuation placed on it by the township assessor or by the board of equalization. *Williams* v. *Segur*, 106 Ind. 368 ; *Board, etc.,* v. *Senn*, 117 Ind. 410.

He has power, however, to assess property which has been omitted from the assessment lists and has not been assessed. Section 6416, R. S. 1881 (Acts 1889, p. 341 ; Elliott's Supp., section 2129).

To justify such action by him there must be specific omitted property which is susceptible of identification and description.

The answer alleges that the assessment was made on omitted property, and yet the only description that can be given of the property is that it consists of money on hand or on deposit, money loaned, and credits due the estate.

It is impossible, it is averred, to more particularly describe it. This is not a sufficient identification and description upon which to base an assessment of omitted property, in a case where it is expressly admitted, as it is in this answer, that a part of the property belonging to the party has been listed and assessed, and that the property which was listed and assessed, as well as that which it is claimed was not listed and assessed, all belonged to precisely the same classes, and is all described in the answer by the same words. Indeed, we doubt if it would be sufficient in any case to justify

an auditor in listing and assessing omitted property to allege in general terms that there had been an omission of money on hand or on deposit, and of money loaned and of credits due the party. So far as money alone is concerned a dollar should, of course, be valued as a dollar, and is sufficiently described and valued when the amount is stated. But money loaned, and credits due, may or may not be of their face value, depending upon many contingencies, and to justify an assessment by the auditor upon property of that character he must know of specific loans and of specific credits which have been omitted, and upon which valuations may be placed. The facts stated in this paragraph of answer are not sufficient to constitute a defence, and the demurrer thereto was correctly sustained.

The second paragraph of the answer alleges that the administrator, in each of said years, while pretending to list all of the property belonging to the estate for taxation, "purposely fixed a valuation on said property for each of said years which he well knew was far below its real value." The undervaluation for each of said years is then given, and it is alleged that "at the time when said Sherman listed said property for taxation in each of said years he failed to inform the assessors who assessed him of the face value or condition of said estate, and never at any time informed said assessor of said undervaluations or any one of them, nor did he at any time ever exhibit to said assessor any item or portion of such property of said estate, or give any information to him respecting the same."

Appellant insists that the undervaluation of the property listed was a fraud which deprives the appellee of the right to appeal to a court of equity for relief. It is not charged that the administrator concealed any fact from the assessor, or in any manner sought to avoid making a full disclosure of any and all facts about which the assessor was entitled to be informed.

As a general rule a statement of value is a mere statement

of opinion and not of a fact, and fraud can not be predicated on such a statement. While the person listing property is required to place a valuation upon it, such valuation can, in no event, be regarded as more than a statement of the opinion of the person making it.

The valuation upon which the assessment is based is that placed upon the property by the assessor, who, while he may be aided by the valuation of the person listing the property, may wholly disregard such valuation, and is in duty bound to do so unless his judgment confirms it. This answer does not sufficiently charge the perpetration of any fraud, nor does it show any other defence. It is clearly bad, and the demurrer to it was correctly sustained.

The court rendered a decree adjudging the assessment thus made void, cancelling the taxes, and perpetually enjoining the appellant and his successors in office from collecting, or attempting to collect, them. The decree further directed that the appellant " forthwith strike out and obliterate from the tax duplicate now in his hands, or hereafter to come into his hands, the taxes assessed against said estate for said years, as averred in said complaint, to the end that the cloud created by said wrongful assessment upon the real estate of the plaintiff, as described in the complaint, shall be fully removed."

The appellant moved to modify the judgment by striking out the part above quoted. The cloud upon the title to appellee's land was removed by the decree cancelling the tax, and enjoining its collection. While striking out and obliterating from the tax duplicate the entry made thereon by the auditor could add nothing to the legal effect of that decree, yet the court might, and in such case should, require the making of such memorandum on the tax duplicate, in connection with the record of the assessment and tax, as would show such cancellation. We think that, properly construed, this is the effect and meaning of the decree. The words " strike out " and " obliterate," literally construed, would

require an erasure, or blotting out, of the entry; but these words were doubtless thus used inadvertently.

Judgment affirmed, with costs.

Filed June 13, 1891.