Filed March 3, 1892.

---

No. 518.

## DU BOIS v. THE BOARD OF COMMISSIONERS OF LAKE COUNTY.

TAXATION.— *Wrongful Re-Assessment by Auditor.*— *Taxes Voluntarily Paid.*— *Recovery of.*—While section 6416, R. S. 1881, provides for the assessment of omitted property by the county auditor, it does not provide for a re-assessment by him of property assessed and returned by the assessor. Such a re assessment is wrongful within the meaning of section 5813, R. S. 1881, and taxes voluntarily paid on account of the same may be recovered.

SAME.— *Tax Schedule.*— *Valuation by Party.*— *Adoption of by Assessor.*—The valuation entered in the column headed "Valuation by Party" on a tax schedule, is to be regarded as having been adopted by the assessor, except so far as a different valuation is entered in the column headed "Valuation by Assessor."

From the Lake Circuit Court.

*J. Kopelke,* for appellant.

*J. W. Youche,* for appellee.

BLACK, J.—The appellee disallowed a claim presented by the appellant for a refunding of taxes. Upon appeal to the court below a jury returned a verdict in favor of the appellee. The overruling of the appellant's motion for a new trial is assigned as error.

In each year from 1881 to 1889, inclusive, the appellant had made his verified returns for taxation to the assessor, upon the blank schedules provided for by the statute. Section 6336, R. S. 1881. In each of said schedules, in the column headed " Valuation by Party," and opposite the second item in the description of the property, being "All moneys loaned by me, either on time or on call," was an entry of a certain amount. In each schedule the column headed " Valuation by Assessor " was left blank, except that in the schedule for one year a smaller amount was written in this column as the valuation by the assessor, opposite said second item of description, than the amount so entered in said schedule, opposite the same item, as the valuation by the appellant. All other entries of valuations in each of said schedules were opposite descriptions of tangible property— that is, there were no assessments of credits other than those entered under the item relating to " moneys loaned."

The valuation entered in the column headed " Valuation by Party " is to be regarded as having been adopted by the assessor, except so far as a different valuation was entered in the column headed " Valuation by Assessor." Section 6330, R. S. 1881.

The appellant had paid regularly the taxes assessed against him from year to year, from 1881 to 1889, inclusive, upon the returns so made by him to the assessor.

In May, 1890, it having been found, by examining the mortgage records, that the appellant, in said several years, held demands against other parties, whose face values exceeded the valuations which had been so returned upon said schedules, and the valuation for taxation so shown by the schedule for each of said years opposite the second item of

description of property therein having been subtracted from the amount of the face values of the demands so held by the appellant in such year, the county auditor added the differences of amount so found, as omitted property, and charged taxes thereon, upon the tax duplicate for 1889, after notice to the appellant and appearance by him. The appellant voluntarily paid the taxes so assessed by the auditor, the amount thereof being $437.95.

It sufficiently appears from the evidence that the property given in by the appellant, and valued by him and by the assessor under the item of " moneys loaned," was given in and valued as being all his demands against other persons.

If any such demand held by the appellant was assessed under the wrong item of the schedule, which, however, the evidence does not show, then, as was said in *Woll* v. *Thomas,* 1 Ind. App. 232 (238), " it bore its share of the taxes just the same as if it had been correctly scheduled, and can not be regarded as omitted property within the contemplation of the law."

The statute provides for the assessment of omitted property by the county auditor (section 6416, R. S. 1881), but it does not provide for a re-assessment by him of property assessed and returned by the assessor; and such a re-assessment is wrongful within the meaning of section 5813, R. S. 1881, under which the appellant's application for a refunding was made.

This subject was discussed by us in *Donch* v. *Board, etc., post,* p. 374, which, with slight difference in the character of the facts and in the manner of their presentation to us, involved the legal principles which control in the decision of the case at bar.

The judgment is reversed, and the cause is remanded for a new trial.

Filed Feb. 17, 1892.