BOARD OF COMMISSIONERS OF MORGAN COUNTY *v.* THE FIRST NATIONAL BANK OF MARTINSVILLE, INDIANA.

[No. 3,101.    Filed June 19, 1900.]

TAXATION.—*National Banks.*—A national bank cannot recover taxes paid by it on its real estate because the value thereof was not deducted from the valuation of the capital stock of the bank as required by §8471 Burns 1894, since the wrong, if any, was the overvaluation of the capital stock, which affected the individual stockholders, and not the assessment of the real estate as such to the bank.

From the Morgan Circuit Court.    *Reversed.*

*W. L. Taylor,* Attorney-General, *W. R. Harrison* and *Rowland Evans,* for appellant.

*W. S. Shirley, M. H. Parks* and *Oscar Matthews,* for appellee.

Robinson, C. J.—Appellee recovered a judgment for taxes, which it was claimed had been wrongfully and illegally assessed and paid. The questions discussed are that the finding and judgment are contrary to the evidence and law, and are not sustained by sufficient evidence.

The taxes claimed to have been illegally assessed and collected from appellee were upon land in Green township, Morgan county. Appellee bank is located and does business in Martinsville, in Washington township, Morgan county.

All property within the jurisdiction of this State is subject to taxation unless expressly exempted. No claim is made that the property in question was exempt from taxation.

In an action, under §§7915-7917 Burns 1894, to recover taxes alleged to have been wrongfully and illegally assessed, it must be made to appear that the assessment was not only irregular and unauthorized but that the property was not justly subject to the assessment. *Durham.* v. *Board, etc.,* 95 Ind. 182; *Board, etc.,* v. *Armstrong,* 91 Ind. 528; *Board, etc.,* v. *Murphy,* 100 Ind. 570; *Hilgenberg* v. *Board, etc.,* 107 Ind. 494.

The sections of the statute (Burns 1894) applicable to the questions presented are the following:

Section 8470. "The shares of capital stock in any bank located within this State, whether organized under the laws of this State or of the United States, shall be assessed to the owner thereof in the township, city or town, where such bank or banking association is located and shall be taxed at the same rate as other personal property in the same locality is taxed, and with reference to its value on the first day of April of the current year."

Section 8471. "The president, cashier or other accounting officer of such bank, or banking association, shall between the first day of April and the first day of June of each year make out a statement, under oath, in duplicate, showing the number of shares comprising the capital stock of such bank,

the name and residence of each stockholder, with the number of shares owned by such stockholder in such bank, and shall affix what he deems the true cash value of each of said shares, and also, the true cash value of the entire capital stock of such bank, or banking association, on the first day of April, and shall deliver one of such statements to the assessor in the township wherein such bank or banking association is located, and the other to the county auditor and such capital stock shall thereupon be listed and assessed by the assessor, and return thereof made in all respects the same as similar property belonging to other corporations and individuals. And whenever any such bank shall have acquired real estate or other tangible property the assessed value of such real estate or tangible property shall be deducted from the valuation of the capital stock of such bank."

Section 8473. "The county auditor shall enter the valuation of such capital stock on the tax-duplicate of the current year and shall compute and extend taxes thereon the same as against the valuation of other property in the same township, town or city."

Section 8421. "All personal property shall be assessed to the owner in the township, town or city of which he is an inhabitant on the first day of April of the year for which the assessment is made, with the following exceptions: * * * Third. All shares in banks shall be assessed to their owners in the city or town where the bank is located."

Section 8460. "Every person required by this act to make or deliver such statement or schedule shall set forth an account of the property held or owned by him, as follows: * * * Personal property—chattels. First. All shares in banks organized in this State under any law of this State, or of the United States, and their full market value, after deducting the value of the real estate as taxed to the banks."

Section 8431. "Real property shall be assessed in the place where situated, and to the owner, if known; if not, then to the occupant, if any; and if there be no occupant, then as unknown."

Section 8411. "For the purpose of taxation, real property shall include all lands within this State, and all buildings and fixtures thereon and appurtenances thereto, except in cases otherwise expressly provided by law; personal property shall include   *   *   *   all shares in banks organized in this State under any law of the United States, but in estimating the value of such shares, deduction shall be made of the value of all real estate taxed to the bank."

Section 5219, U. S. R. S. provides: "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes, to the same extent, according to its value, as other real property is taxed."

Without the section last quoted or some similar authority from Congress, shares of national bank stock could not be taxed by state authority. But by this provision shares of stock are taxable by the state, subject only to the restrictions therein named, and the bank's real estate may be taxed as other real estate.

It is manifest from the above statutory provisions that the legislative intent was not to include real estate in the valuation of the capital stock of a national bank and thus exempt such real estate from taxation as such. If, for the

purposes of taxation, real estate could be included in the valuation of the capital stock of the bank and is located in a different township, town or city from that of the bank's location, it would follow that real estate might thus be transferred for taxation from one municipality to another. But it is clear that such was not the intention. It is plainly intended, and is so provided, that real estate shall be assessed as such in the township, town or city where located.

During the period covered by the judgment the shares of stock of the bank were assessed to the individual stockholders at par, and the tax was paid by the individual stockholders. The par value of the bank's stock was $70, 000, which included the land in question. During this time the bank itself also paid taxes on the land assessed in the township of its location and these taxes so paid are the taxes appellee seeks to have refunded in this suit. The question then is, were these taxes wrongfully assessed?

In estimating the value of the stock for taxation the value of the real estate should have been deducted as directed by the statute. This was not done, and the taxes paid by the stockholders included taxes on the land. The land was properly assessed to the bank and in the township where located, and the bank paid the taxes. These taxes were not wrongfully and illegally assessed. They were properly assessed. There was double taxation, but that portion which was wrongful and illegal was what the stockholders at the place where the bank is located paid on the land, not what the bank paid. If it be the fact that the land was included in the valuation of the capital stock and the stockholders paid taxes upon the basis of such valuation, then the amount paid by each stockholder in excess of what his taxes would have been upon a valuation excluding the real estate was wrongfully and illegally assessed. But, as disclosed by this record, the only taxes sought to be recovered were properly assessed. The land was taxable as such and was properly assessed to the bank in the place where the land is located.

If a wrong was done it was the overvaluation of the capital stock, and not the assessment of the real estate as such to the bank. *Loftin* v. *Citizens Nat. Bank,* 85 Ind. 341.

Judgment reversed.