RIGGS *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF SULLIVAN.

[No. 22,590. Filed January 29, 1914.]

1. TAXATION.—*Property Subject.—Interest in Minerals.*—Mining rights and interests in minerals are the subject of horizontal severance from the surface, and taxable as real estate. p. 178.

2. TAXATION.—*"Assessment".*—Assessment for taxation is the fixing of the value of property not constitutionally exempt from taxation to determine the proportion to be paid thereon. p. 178.

3. TAXATION.—*Transfer or Division of Property Subject.—Adjustment of Valuation.—Statutes.*—Under §10188 Burns 1908, Acts 1891 p. 99, providing that when any tract of land or interest therein has been conveyed the county auditor shall transfer the same on the last appraisement list, and apportion the same, and the valuation thereof, with all delinquent taxes, to the several

owners, the county auditor, on transferring a portion of a tract of land against which a valuation for taxation has been made, must diminish the valuation of the whole by the amount of the valuation which he fixes on the part transferred.  p. 179.

4.  TAXATION.—*Assessment.—Power to Increase.*—Under §§10279, 10285 Burns 1908, Acts 1903 p. 49, Acts 1907 p. 131, an assessment for taxation as returned by the township assessor may be increased by the county board of review, or by the State Board of Tax Commissioners on appeal, but not by the county auditor. p. 179.

5.  TAXATION.—*Recovery of Taxes Paid.—Wrongful Assessment.*— Under §6088 Burns 1908, §5813 R. S. 1881, there can be no recovery of taxes paid on an improper valuation unless the assessment was wrongful.  p. 179.

6.  TAXATION.—*Action to Recover Taxes Paid.—Complaint.—Sufficiency.*—A complaint for the recovery of taxes paid for the years 1904 and 1905 on an improper valuation, alleging that "whatever minerals existed beneath the surface of said lands were present thereunder on March 1, 1903, and at the time of the assessment", and that such assessment was in equal proportion to the assessment of other lands of the same nature and fertility in the same neighborhood, and that the county auditor for the years 1904 and 1905 failed to deduct from the 1903 valuation the valuation of mineral rights sold by plaintiff, but instead made an additional valuation for such mineral rights, thus operating to increase the assessment against plaintiff's land, was sufficient as against demurrer, since it must be presumed from the allegations that the valuation fixed by the assessor in 1903 was the full taxable value of the land including the minerals, and if such was not the true value the same could not be increased or diminished in the manner followed.  p. 180.

7.  TAXATION.—*Recovery of Taxes Paid.*—There can be no recovery of taxes paid if they were justly and equitably due, even though the manner in which payment was exacted was irregular.  p. 181.

8.  TAXATION.—*Recovery of Taxes Paid.—Statutes.*—The purpose of §6088 Burns 1908, §5813 R. S. 1881, providing for the recovery of taxes that have been wrongfully assessed, is to provide for changing conditions arising from the severance of title to parts of property so that each may bear its just proportion of taxes according to value, so that a right of action may exist for the recovery of taxes paid, even though the assessment of the land as a whole was not wrongful, if on the severance of titles the subsequent apportionment of the valuation was wrongfully made. p. 181.

9.  TAXATION.—*Transfer or Division of Property.—Apportionment of Valuation.*—Under §10188 Burns 1908, Acts 1891 p. 99, provid-

ing for the apportionment of the valuation for taxation where any tract of land or interest therein has been conveyed, it is the mandatory duty of the auditor to apportion the valuation as fixed in the statutory method, and not according to any ideas of value that he may have, except as his judgment is required in apportioning the values already fixed.   p. 182.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by James R. Riggs against the Board of Commissioners of the county of Sullivan. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1908, Acts 1901 p. 565.) *Reversed.*

*J. W. Lindley, Milton A. Haddon* and *Wm. T. Douthitt,* for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

MYERS, J.—Appellant filed a claim before the Board of Commissioners of Sullivan County and it being refused, he appealed to the circuit court. He filed an amended complaint in three paragraphs, to which demurrers were addressed and overruled as to the first, and sustained as to the second and third. There was an answer in general denial, and an affirmative answer and reply in general denial. At the trial the facts were agreed on, and no motion for a new trial was filed, and the agreed facts are not in the record. Judgment was rendered against appellant, from which this appeal is prosecuted, the errors assigned being as to the ruling on the demurrers to the second and third paragraphs of amended complaint.

The substance of the allegations of the second paragraph are: that on March 1, 1903, plaintiff was the owner of a described tract of land of 280 acres, in Curry Township, Sullivan County, which in 1903, between March 1 and June 1, was duly and legally assessed for taxation by the township assessor at $10,165; that there was no objection to, or modification of the assessment in any manner, or by any officer,

officers or board, except as hereinafter shown; that plaintiff continued to own the lands except the interest therein sold and conveyed by him as herein shown; that the sum so assessed as the taxable value of said lands was the full true cash value of said lands, and said assessment so fixed was the full true cash value of said lands on March 1, 1903; that said assessment so fixed was, at the time it was made, in equal proportion to the assessment of other lands of the same nature and fertility in the same neighborhood, and said assessed valuation was not higher or lower than other lands of the same nature and fertility in the same neighborhood were assessed; that said assessment was just and equal and was duly made by the township assessor of the township, and duly and legally returned to the county auditor prior to June 1, 1903, and was approved by the county board of review; that the said amount was the assessed valuation of said lands for taxing purposes and was the value upon which plaintiff was required to pay, and did pay taxes for the year 1903; that instead of allowing said value to stand as the assessed valuation of said lands for taxing purposes for the years 1904 and 1905 the auditor of said county unlawfully, and wholly without right, wrongfully placed upon the tax duplicate of Curry Township, an assessment against said lands amounting to $13,520, which sum was by said auditor, placed as an assessment against said lands as the value upon which the owners thereof were required to pay taxes for the years 1904 and 1905, thereby adding an increase of $3,360 to the assessed valuation of said lands for said years 1904 and 1905; that said increased valuation of said lands for taxing purposes came about, and was fixed and added to the original valuation made by said township assessor, in the following manner: that in February, 1904, plaintiff sold and conveyed by general warranty deed to the New Pittsburgh Coal and Coke Company all coal, fire clay, and minerals underlying the surface of said lands; that whatever coal, fire clay and minerals

existed beneath the surface of said lands were present there-
under on March 1, 1903, and at the time of the assessment
of said lands for taxation in the year 1903; that prior to
the time of the sale of said coal, fire clay, and minerals, the
auditor had prepared what was known and designated as
the "mineral tax duplicate" for said county, and as soon
as said coal, fire clay and minerals were sold and conveyed,
and immediately after the conveyance thereof, the auditor
placed upon the mineral tax duplicate the name of said
coal and coke company, and placed upon said mineral tax
duplicate opposite the name of said company a description
of said lands so owned by plaintiff, and placed on the tax
duplicate an assessment against said lands for the year
1904 in the sum of $49.50 for county taxes and $10.34 for
State taxes, and again on January 17, 1905, $58.70 for
county taxes and $10.54 for State taxes, the taxes so
levied being the taxes for each of said years 1904 and 1905
on $3,360 valuation; that the State and county tax rates
for 1904 and 1905 are separately alleged; that by reason of
the fact that said $10,165, the original valuation of said
lands, was allowed to stand as the assessed valuation of
his said lands, after he had sold said coal, fire clay and
minerals, the plaintiff's said lands were assessed for State
and county taxes for said years 1904 and 1905 upon said
$10,165 valuation, $390.31, the same being set out for each
fund for each year, which sum of $390.31 plaintiff was
required to pay and did pay; that said lands, by reason
of said increased valuation being placed upon said mineral
tax duplicate as aforesaid, were assessed for taxes for said
years 1904 and 1905 in the aggregate of $129.08 for State
and county taxes, which are set out separately, and the New
Pittsburgh Coal and Coke Company was required to, and
did pay them. It is then alleged that the county board of
review on July 9, 1903, refused to tax the mineral lands
in that county, and entered an order declaring them non-
taxable, and an appeal was taken by the county assessor

to the State Board of Tax Commissioners, which board de-
cided they were taxable, and fixed a valuation of $12 an
acre upon them for purposes of taxation, and the auditor
then placed that valuation on the mineral interests sold by
plaintiff, on the tax duplicates for 1904 and 1905, which
valuation was placed on the tax duplicates by the auditor
in August, 1903; that $12 per acre was, after said order was
made by said State Board of Tax Commissioners considered
by the taxing officers of Sullivan County, and by the auditor
as the value of coal and minerals for taxing purposes; that
the original valuation of $10,165 as made and returned by
the township assessor in 1903, was not reduced by said
taxing officers at the time said increased valuation of
$3,360 was placed against said lands, but on the contrary
said $10,165 valuation and said $3,360 valuation were each
carried up against said lands as the valuation of said lands
for taxation for each of said years 1904 and 1905, and taxes
on each of said valuations were levied and paid at the rates
aforesaid, and in amounts aforesaid; that said valuation so
placed against said lands in the name of said coal and coke
company, and on which taxes amounting to $129.08 were
levied and assessed for 1904 and 1905 was no more than
the full true cash value of the coal, fire clay and minerals
purchased by said company, and no more than the full true
cash value thereof March 1, 1903, and the taxes paid by
said company were no more than its just and fair propor-
tion of said taxes levied on said original $10,165 valuation;
that he at no time agreed with said company to pay all the
taxes levied on said $10,165 valuation, as fixed and deter-
mined by said township assessor in 1903; that when taxes
were levied and assessed on said lands for the years 1904
and 1905, taxes were levied and assessed by said auditor
on $13,520 valuation and not on $10,165 valuation, and so
far as taxes were levied and assessed on more than $10,165
valuation for said years 1904 and 1905 the said taxes were

wrongfully assessed; that said sum of $390.31, taxes levied and assessed against said lands on said original $10,165 valuation for said years 1904 and 1905, stood as a lien against his said lands until said sum was paid in full, and he paid the same under protest; that he paid said taxes so levied and assessed in full in order to discharge the lien thereof from said lands. He demands the sum of $108.20, the amount of county taxes so wrongfully assessed and paid by him, and he further demands that the Board of Commissioners of Sullivan County, Indiana, be ordered and directed to certify to the Auditor of State the fact that plaintiff has paid the sum of $20.88 as State taxes which were wrongfully assessed, and for all other proper relief.

The third paragraph contains many of the allegations of the second, but travels on the theory, under its allegations, that the valuation and levy placed on the coal and mineral rights by the auditor and paid by the coal and coke company, was a part of the valuation fixed by the township assessor in 1903, and the same was true in 1904 and 1905, and that the auditor had no power to increase that assessment as against him, no reference being made in that paragraph to the action of the county board of review, or the State Board of Tax Commissioners.

In each paragraph it will be observed that the matter of increasing the valuation is stated negatively; that is, that appellant's assessment in 1903 was not increased, but what he complains of is, that it was not reduced by the amount of the valuation and assessments against the coal and coke company, when the transfer was made. That mining rights, and interests in minerals are the subject of horizontal

1. severance from the surface, and taxable as real estate, is not an open question, under our statute and decisions. *Board* v. *Lattas Creek Coal Co.* (1913), 179 Ind. 212, 100 N. E. 561, and cases cited; 37 Cyc. 773.

2. Assessment for taxation is fixing the valuation of property not constitutionally exempt, to determine

the proportion which it, or its owner, shall pay. *State, ex rel.* v. *Smith* (1902), 158 Ind. 543, 63 N. E. 25, 214, 64 N. E. 18, 63 L. R. A. 116. The statute (§10188 Burns 1908, Acts 1891 p. 199), provides: "Whenever a division 3. or partition has been made, or other changes take place in the ownership of any tract or lot of land, *or any part thereof*, [our italics throughout] by conveyance, sale, devise or descent, the county auditor, on being satisfied thereof, *shall transfer the same on the last appraisement list, and apportion the same, and the valuation thereof*, with all delinquent taxes, to the several owners." By §10158 Burns 1908, Acts 1903 p. 49, it is provided that March 1, annually fixes the ownership of all property for taxing purposes. When an auditor transfers a portion of a tract of land against which a valuation for taxation has been made, he must diminish the valuation of the whole by the amount of the valuation which he fixes on the part transferred. The statute is susceptible of no other construction. It is likewise settled that a county auditor cannot increase 4. an assessment as returned by a township assessor. *Jones* v. *Rushville Nat. Gas Co.* (1893), 135 Ind. 595, 35 N. E. 390; *Gray* v. *Foster* (1910), 46 Ind. App. 149, 92 N. E. 7; *Florer* v. *Sherwood* (1891), 128 Ind. 495, 28 N. E. 71; *Board, etc.* v. *Senn* (1888), 117 Ind. 410, 20 N. E. 276; *Williams* v. *Segur* (1885), 106 Ind. 368, 1 N. E. 707; *Board, etc.* v. *First Nat. Bank* (1900), 25 Ind. App. 94, 57 N. E. 728; *Donch* v. *Board, etc.* (1891), 4 Ind. App. 374, 30 N. E. 204. It may be increased by a county board of review on notice, or by the Board of State Tax Commissioners on appeal. §§10279, 10285 Burns 1908, Acts 1903 p. 49, Acts 1907 p. 131.

With these propositions established, we come to the facts alleged in the second and third paragraphs of the complaint, to determine whether for the years 1904 and 1905, 5. the failure of the auditor to deduct from the valuation of appellant's lands made in 1903, the valuation

fixed for the mineral interests he had sold, the valua-
tion against his lands for 1904 and 1905 is a wrongful
assessment, as it is conceded that unless it is wrongful
there can be no recovery of taxes paid on such valuation,
and the complaint in each paragraph is grounded on the
proposition that it is wrongful. §6088 Burns 1908,
§5813 R. S. 1881; *Hilgenberg* v. *Board, etc.* (1886), 107
Ind. 494, 8 N. E. 274; *Board, etc.* v. *Murphy* (1884), 100
Ind. 570; *Durham* v. *Board, etc.* (1883), 95 Ind. 182; *Board,
etc.* v. *Armstrong* (1883), 91 Ind. 528; *Board, etc.* v. *Senn,
supra.* When the valuation was made in 1903, one of three
things necessarily occurred, (1) that the land was then
assessed *including* the mineral values, or (2) that the latter
were not included, or (3) that the land was valued too low.
If the mineral values were included, we must presume that
the full value was assessed, or if it was valued too low, it
was not changed in either event, by the board of review or
the state board. If it was not included, the most that could
be said is, that it was omitted property, and if that be the
case, it could only be legally assessed to appellant by the
township or county assessor, auditor or treasurer, or board
of review on notice. §§10270, 10277, 10279, 10310
Burns 1908, Acts 1891 p. 199, Acts 1903 p. 49, Acts 1897
p. 141. The auditor had two duties to perform in the mat-
ter of valuations: (1) to determine the proportion which
the part conveyed bore to the assessed valuation of the whole
tract, (2) to deduct that valuation from the valuation there-
tofore fixed on the whole tract. But it is not alleged in
either paragraph that the minerals were valued, except as
it may be an inference from the averment that the lands of
which they constituted a part were assessed. It is averred
that "whatever minerals existed beneath the surface of said
lands were present thereunder on March 1, 1903, and at
the time of the assessment," of the lands in 1903. It is also
alleged that the assessment in 1903 was at the time it was
made in equal proportion to the assessment of other lands

of the same nature and fertility in the same neighborhood, and was not higher or lower than other lands of the same nature and fertility in the same neighborhood, and that the assessment was just and equal. It must be presumed under these allegations that the full taxable value of the land including the minerals was the one fixed by the assessor, by force of the fact that these minerals constituted an integral part of the land, but whether they were valued, or included in the assessment is a traversable fact. If they were not valued or assessed in fact, then it was either an undervaluation of the whole, or omitted property. If it was undervalued, that valuation could not be increased or diminished in the manner followed. *Florer* v. *Sherwood, supra; Donch* v. *Board, etc., supra; DuBois* v. *Board, etc.* (1891), 4 Ind. App. 138, 30 N. E. 206; *Woll* v. *Thomas* (1890), 1 Ind. App. 232, 27 N. E. 578. If it was omitted property, then the tax was justly and equitably due

7. from appellant on the assessment as originally made, and he would not be entitled to recover a tax paid by him which was justly, or equitably due, though the manner in which payment was exacted, was irregular. *Board, etc.* v. *Graham* (1894), 98 Ind. 279; *Board, etc.* v. *Armstrong, supra.* In either event an issuable fact is presented.

Appellee's theory is, that the assessment must have been wrongful, in order to authorize recovery, and that as the assessment in 1903 was not wrongful, the subsequent

8. assessment could not be wrongful, and that in order to recover taxes claimed to have been wrongfully assessed, a clear case must be made. §6088 Burns 1908, *supra; Board, etc.* v. *Murphy, supra; Board, etc.* v. *Armstrong, supra.* Appellee is correct as to the last proposition, but it does not follow that there can be no change, so that a subsequent levy would not be wrongful, and we take it that the very purpose of the statute is to provide for the changing conditions arising from the severance of title to parts of property, in order that each shall pay its just pro-

Riggs *v.* Board, etc.—181 Ind. 172.

portion, according to value, and it is the mandatory duty of the auditor to apportion those values, for the reason that in addition to the statutory provision for apportionment, it must be an apportionment of the values as fixed in the statutory method, and not according to any ideas of value the auditor may have, except as his judgment is called in question in apportioning values already fixed, and beyond which he cannot go.

Appellee also urges that each paragraph is insufficient because it is claimed that it is not alleged that appellant had paid the taxes. In this counsel are in error, for it 9. is distinctly and explicitly alleged in each. It appears that the taxes paid by appellant were neither justly nor equitably due. The case of *Board, etc.* v. *First Nat. Bank, supra,* is urged on us. In that case, it was held that there was no wrongful assessment as to the bank, for the reason that the value of the stock included the value of the land, and the stockholders thus paid the taxes on the land, through the assessment on the stock which represented it, and was an overvaluation of the stock if anything, and not a wrongful assessment to the bank. That is far from the case where the failure of the auditor to do the duty imposed on him by law resulted in appellant's land being charged with taxes not proportioned to its assessed value.

The court erred in sustaining the demurrers to the second and third paragraphs of complaint, and the judgment is reversed, with instructions to the court below to overrule the demurrers to each of those paragraphs, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 1075. See, also, under (1) 37 Cyc. 775; (2) 37 Cyc. 987; (3) 37 Cyc. 1009, 1059; (4) 37 Cyc. 1091; (5) 37 Cyc. 1174; (6) 37 Cyc. 1188. As to rights of owner of surface as against owner of minerals thereunder, see 135 Am. St. 131. For a discussion of an interest in minerals as taxable separately from land, see 15 Ann. Cas. 513.