MARSHALL WELLS COMPANY, Appellant, v. FOSTER COUN-
TY, a Municipal Corporation, Respondent.

(231 N. W. 542.)

Opinion filed April 24, 1930. Rehearing denied June 30, 1930.

*Lee C. Cummings, Middaugh & Wheeler,* for appellant.
*C. W. Burnham,* for respondent.

BURKE, Ch. J. This is an action to quiet title to lots six, seven and
eight in block four of the village of McHenry, Foster county, North
Dakota.

It is alleged in the complaint that the defendant claims certain liens
upon said premises by reason of an attempt to lay additional taxes
against the said real estate for the years 1920, 1921, 1922 and 1923;
that the said real estate was assessed during said years and that the
taxes levied thereon were paid by the plaintiff who received from the
county treasurer of said county the usual tax receipt therefor; that in
February, 1928, the plaintiff received from the county auditor of Fos-
ter county a notice of assessment by county auditor of property having
escaped assessment and taxation in which the plaintiff was notified
that the said lots escaped taxation in the years 1920, 1921, 1923 and
1924, and which notice required the plaintiff to appear at the office of
said auditor in the court house at Carrington, N. D. at 2 P. M. on the
10th day of March 1928, to show cause if any, why such property

should not be added to the assessment rolls and assessed and taxed for the years in which it escaped assessment and taxation.

It is further alleged, that the plaintiff appeared at the time and place and filed a protest and objection to such assessment, setting forth in detail that the plaintiff was the owner of the lots in question, that said lots had not escaped assessment in any of the years from 1920 to 1924 inclusive, that said lots were duly taxed and assessed in each of said years that said taxes were duly paid by the plaintiff; that at the time and place mentioned in the notice of the appearance of this plaintiff no action was taken by said auditor or by the board of county commissioners because of the illness of the state's attorney and the absence of the members of the board at Fargo. At some time thereafter the exact time of which plaintiff is not informed, the defendant claims to have assessed, and made additional taxes against said premises for each of the years from 1920 to 1924 inclusive; that the plaintiff has paid the taxes on said premises for the years 1924, 1925 and 1926. For answer thereto the defendant alleged, that there was a store building on lots seven and eight in said block four which had in error been assessed upon number five in said block four for said years, and that the erroneous assessment of said lot was not known to the county officials until about the first of February, 1928, but that said fact was well known to the plaintiff and was the reason for omitting lot number 5 from plaintiff's quit claim deed; that when said plaintiff learned that the taxes were levied and assessed on lot five it did not take title to that lot, but took title to the other three lots covered by their mortgage, paid the taxes levied and assessed against the same as vacant lots and had their deed placed on record which said action on the part of plaintiff was a fraud upon the officials of Foster county; that on discovering the mistake in the assessment the county auditor served notice of assessment, by county auditor, of property having escaped assessment; that at the next regular meeting of the board on the sixth day of April, 1928, the following motion was duly made and entered in the minutes of the commissioner's record, to wit: "The board on motion to be made and seconded, approved the assessment of the county auditor for escaped taxes on lots seven and eight of the village of McHenry for the years 1920, 1921, 1922, 1923 and 1924, and instructed the auditor to cancel the excessive taxes on lot five of the village of McHenry. These lots five, seven and

eight are in block four of the village of McHenry. That by said motion the board of county commissioners of said Foster county, N. D., duly reviewed and equalized the assessment made by the county auditor on the 10th day of March, 1928."

The error was discovered on or about the first of February 1928, eight years after the first assessment, and lot five with the burden of the assessment of the buildings would under the law presumably have been sold to pay the assessments, including the assessed value of the buildings.

It is alleged in the answer and argued in the respondent's brief, that when the plaintiff discovered that lot five carried the assessment for the building which was in fact situated on lots seven and eight in said block four, of the village of McHenry, it secured title to said lots, exclusive of lot five and proceeded to pay the taxes assessed upon the bare lots number six, seven and eight in said block four, for the years 1920, 1921, 1922 and 1923, so as to be able to put the deed thereto on record. It is clear from the pleadings and the briefs that lots six, seven and eight were assessed during the said years, and the taxes thereon were paid. It is also clear that the buildings on lots seven and eight were assessed against lot five so that none of the property was actually omitted in the assessment for any of the years involved.

The plaintiff demurred to the answer of the defendant upon the ground that, it does not state a counter claim or a defense; which demurrer was overruled and from the order overruling the demurrer plaintiff appeals.

The county auditor acted under § 1 of chapter 198, Session Laws of 1925, which reads as follows:

"Whenever the county auditor shall discover that taxable real or personal property has been omitted in whole or in part in the assessment of any year or years, or that any person has given to the assessor a false statement of his personal property, or that the assessor has not returned the full amount of all property required to be listed in his district, or has omitted property subject to taxation, he shall proceed to correct the assessment books and add such property and assess it at its full and true value."

Under this section the county auditor has authority to assess only any real or personal property which has been omitted in whole or in

part in the assessment of any year or years, or property of which the assessor has not returned the full amount, or has omitted property subject to taxation. The property involved in this case is real estate property.

Under § 2076, Comp. Laws 1913, "Real property for the purpose of taxation, includes the land itself, whether laid out in town lots or otherwise, and except as otherwise provided, all buildings, structures and improvements."

It is true, that under § 2122, Comp. Laws 1913, "In assessing any tract or lot of real property the value of the land, exclusive of improvements, shall be determined; also the value of all improvements and structures thereon, and the aggregate value of the property, including all structures and other improvements." While the land and the buildings are valued separately the aggregate value of the land and the buildings are assessed against the land, and payment is enforced against the land by sale as provided by law.

Indiana has a statute almost identical with ours, it reads as follows:

"Whenever the county auditor shall discover or receive credible information, or if he shall have reason to believe that any real or personal property has from any cause been omitted in whole or in part in the assessment of any year, or number of years from the assessment book, or from the tax duplicate, he shall proceed to correct the tax duplicate and add such property thereto, with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon. To enable him to do which, he is invested with all the powers of assessor under this act. But before making such correction or addition, if the person claiming to own such property, or occupying it, or in possession thereof, resides in the county and is not present he shall give such person notice, in writing, of his intention to add such property to the tax duplicate, describing it in general terms, and requiring such person to appear before him at his office at a specified time, within five days after giving such notice, and to show cause, if any, why such property should not be added to the tax duplicate."

This statute is certainly as broad as ours, and it is well settled in Indiana that under this statute, property which has been assessed by the assessor even though under valued, has not escaped taxation and the auditor has no authority to assess the same.

In the case of Florer v. Sherwood, 128 Ind. 495, 28 N. E. 71, the court held, "The county auditor has no power to increase the valuation of property which is properly listed for taxation. He has power to assess property which has been omitted from the assessment lists and has not been assessed. To justify such action by him there must be specific omitted property which is susceptible of identification and description."

A case very much in point, is the case of Woll v. Thomas, 1 Ind. App. 232, 27 N. E. 578, wherein the Indiana court held, "Where articles of property were altogether omitted from taxation, and this fact came to the notice of the auditor, it was his duty, under the provisions of § 6416, Rev. Stat. 1881, to enter such property upon the books, and assess it for taxation; but this authority was expressly limited to omitted property, and did not include the power to re-value property which had been listed and appraised. This identical question was decided adversely to the appellant in the case of Williams v. Segur, 106 Ind. 368, 1 N. E. 707. In that case it was held, that even where an assessor corruptly and purposely assessed property at less than one third its actual value the auditor had no power to revalue it." See also Security Sav. Bank v. Carroll, 128 Iowa, 230, 103 N. W. 379; German Sav. Bank v. Trowbridge, 124 Iowa, 514, 100 N. W. 333; Woodbury County v. Talley, 153 Iowa, 28, 129 N. W. 967.

In the case at bar, the lots and the buildings were not omitted but were assessed and the auditor had no power to assess them.

The order overruling the demurrer must be, and is reversed and the judgment is ordered for the plaintiff on its demurrer and for costs.

BIRDZELL, NUESSLE, BURR and CHRISTIANSON, JJ., concur.

BURKE, Ch. J. In a petition for a rehearing, counsel for respondent insists, that city real estate and the buildings situated thereon are separately assessed; that the legislature has separated them, and made the improvements personal property for the purpose of assessment. We do not so construe the law. Section 2122, Comp. Laws, 1913, provides that, "In assessing any tract or lot of real property the value of the land, exclusive of improvements, shall be determined; also the value of all improvements and structures thereon and the aggregate value of the property including all structures and other improvements." In

other words, the assessor in assessing any *tract or lot of real property,* first determines the value of the land and then, the value of all the improvements and when he has the value of the land, and the value of the improvements on the land he adds the two together for the aggregate value of the property and the land is assessed for that amount. There is but one assessment, and that is a land assessment, and in no sense an assessment against personal property.

BURR, BIRDZELL, CHRISTIANSON and NUESSLE, JJ., concur.