[File No. 6463.]

GOLDEN VALLEY COUNTY, a Municipal Corporation, Appellant, v. ESTATE OF N. GREENGARD, Deceased, Isador Greengard, Administrator-Trustee of the Estate of N. Greengard, Deceased, and Leon Greengard, Respondents.

(284 N. W. 423.)

Opinion filed December 31, 1938. Rehearing denied March 15, 1939.

*A. M. Kuhfeld,* Special Assistant State's Attorney, for appellant.

*Sullivan, Fleck & Sullivan,* for respondents.

174

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover from

the estate of Nathaniel Greengard, deceased, the amount of certain personal property taxes, which it is alleged were levied for the years 1918 to 1934, both inclusive, against a stock of merchandise and fixtures in a clothing store operated by the said deceased during said years, within Golden Valley county.

The complaint sets forth a separate cause of action for taxes for each of said years. The defendants interposed a general demurrer. The demurrer was sustained, and plaintiff has appealed.

The allegations in the complaint are identical as to each of the years from 1918 to 1934 inclusive, with the exception of dates and amount. Either a cause of action is alleged as to each year, or no cause of action is stated for any of the years. It will be necessary therefore to consider only one of the alleged causes of action. We shall consider the cause of action for the year 1919.

It is alleged "that during the years 1918 to 1934 both inclusive, Nathaniel Greengard, now deceased, operated a men's clothing store in the city of Beach, Golden Valley county, North Dakota;" "that during all of the years hereinbefore mentioned said N. Greengard, or said estate of N. Greengard, deceased, has had personal property subject to taxation within said county . . . and state. . . ."

"That during the year 1919 the said defendants, or their predecessors in interest in and to said clothing store and the property thereof, reported and stated to the duly qualified and acting assessor of the city of Beach, North Dakota, in which said Greengard's store is located, stock and fixtures of the value of $7,068 and that thereafter the taxes were duly levied against such valuation and the defendants and their predecessors in interest paid to Golden Valley county a tax in the amount of $198.02; that the actual valuation of the property of N. Greengard at Beach, North Dakota, that should have been reported and returned to the assessor was $15,156.65."

"That the report to the assessor was false and fraudulent and was known by the predecessors in interest of the defendants to have been false and fraudulent at the time the same was made, and that the plaintiff and its officers have just ascertained the facts with reference to such false and fraudulent statements."

It is further alleged that immediately upon ascertaining the facts the county auditor of Golden Valley county proceeded to enter in the

assessment roll of property which has escaped taxation the amount of tax for the year 1919, with penalty and interest at the rate and in the amount for which said omitted property should have been assessed in said year 1919, namely, $115.60 taxes and $263.57 interest and penalty, making a total of taxes, interest and penalties for said year 1919 of $379.17; that the said county auditor corrected the books in accordance with the facts, and "added such omitted property and assessed it at its true and full value and figured taxes thereon at 50% of the true value as provided by law during the year 1919."

It is further alleged that due notice was given that said property was added to the assessment books; that the board of county commissioners duly reviewed the taxes so assessed, and equalized and confirmed the same, and that they have been duly entered upon the tax list of said county.

It is further alleged that the county commissioners have authorized the institution of this action for the collection of said taxes.

The appellant contends that Nathaniel Greengard made a false report to the assessor of his stock of merchandise and fixtures for the year 1919, and that as a result the greater portion of such property was not assessed, and that the county auditor of said plaintiff county was authorized and required to deal with that amount of the value of said stock and fixtures which had not been reported as property that had escaped taxation, and to proceed under chapter 198, Laws 1925 (Supp. §§ 2304a1–2304a4), as amended by chapter 280, Laws 1931, to correct the assessment, and add such unreported property to the assessment books, and assess it at its full and true value; and that the plaintiff county is entitled to recover the taxes which have been levied pursuant to assessment so made, together with interest and penalties thereon.

The respondent contends, on the other hand, that the statute authorizes a county auditor to assess only *omitted* property; that it does not authorize the auditor to revalue property, or assess again, and add to the value of, property that the assessor has assessed, even though the valuation placed thereon in the assessment made by the assessor is too low; that according to the allegations in the complaint here no property was omitted; that the entire stock of goods and fixtures was assessed, and the taxes levied pursuant to such assessment paid; that the

purported assessment by the auditor was without authority of law, and that the taxes based thereon are invalid.

The authority of the county auditor to make the alleged assessments involved in this case is predicated upon chapter 198, Laws 1925, as amended by chapter 280, Laws 1931. The law, as enacted in 1925, provided:

"Section 1. Whenever the county auditor shall discover that taxable real or personal property has been omitted in whole or in part in the assessment of any year or years, or that any person has given to the assessor a false statement of his personal property, or that the assessor has not returned the full amount of all property required to be listed in his district, or has omitted property subject to taxation, he shall proceed to correct the assessment books *and add* such property and assess it at its full and true value.

"Section 2. The county auditor shall give notice by mail to the person owning such property or in possession thereof, or his agent, of his action in *adding property* to the assessment books and shall describe the property in general terms and notify such person to appear before him at his office at a specified time within fifteen (15) days after the date of such notice, to show cause, if any, *why such property should not be added* to the assessment rolls.

. . . . . . . . . . . . . .

"Section 3. The board of county commissioners, at its next regular meeting after the assessment of such *omitted property* shall hear all grievances and complaints thereon and shall proceed to review and equalize such assessments.

"Section 4. The county auditor shall enter the valuation of such property as equalized by the county board and shall extend the taxes thereon, and upon completing such assessment and extending the taxes thereon, shall correct the current year's tax list in accordance with such assessment if the current year's tax list has not been certified to the treasurer for collection. In case the current year's tax list has been certified to the treasurer for collection, the county auditor shall certify to the county treasurer a tax list covering *omitted property which has been added* to the tax list for the current year.

. . . . . . . . . . . . .

"The county auditor of each county shall keep a book to be called 'Assessment Roll of Property which has Escaped Taxation' in which he shall enter from time to time all property, real or personal, *which shall have been omitted* in the assessment of any previous year or years, or the assessment of which shall have been set aside by the judgment of any court, such property having thereby escaped taxation. If *omitted* property is assessed for a prior year or years, the county auditor shall enter the assessment of such property in the assessment roll of property which has escaped taxation at the rate and in the amount for which such omitted property should have been assessed in said year or years. *Omitted property* shall be assessed for each year during which it escaped assessment and taxation."

The effect of this statute, and the power conferred upon the county auditor thereby, was considered by this court in Marshall Wells Co. v. Foster County, 59 N. D. 599, 231 N. W. 542. In that case, a store building, in the village of McHenry, in Foster county, located on lots 7 and 8, had been erroneously assessed as an improvement upon, and a part of, lot number 5. Taxes were levied, and one who had purchased and become the owner of lots 7 and 8, and the building thereon, paid the taxes. Thereafter, the county auditor undertook to assess the building as a part of lots 7 and 8 as omitted property that had escaped taxation, and the county commissioners reviewed and equalized such assessment on the theory that the above quoted statutory provisions authorized them to do so. This court held that the acts of the county auditor and the county commissioners were without authority of law, and, hence, invalid. The ruling of this court is epitomized in the syllabus in that case thus: "Under chapter 198 of the Session Laws of 1925, the county auditor is authorized to assess and add to the assessment books, real or personal property which has been omitted in whole or in part in the assessment of any year or years; but this authority is expressly limited to omitted property and does not include the power to revalue property which has been listed and assessed by the assessor."

Following that decision, the Legislative Assembly, by chapter 280, Laws 1931, amended § 1 of chapter 198, Laws 1925, to read as follows: "Whenever the county auditor shall discover that taxable real or personal property has been omitted in whole or in part in the assessment

of any year or years or that any building or other structure has been listed and assessed against a lot or tract of land other than the true site or actual location of such building, or that any person has given the assessor a false statement of his personal property or that the assessor has not returned the full amount of all property required to be listed in his district, or has omitted property subject to taxation, he shall proceed to correct the assessment books in accordance with the facts in the case and shall correct such error or omission in assessment and shall add such omitted property and assess it at its true and full value, and if a building or other structure, assessed as real estate is in the assessment thereof, described as though situated upon a lot or tract of land other than that upon which it is in fact situated, the auditor shall correct the description and add the assessment thereof to the assessment of the lot upon which it is actually located; provided, however, that the rights of a purchaser for value without actual or constructive notice of such error or omission shall not be prejudiced by such correction, addition or assessment."

In § 2 of the Act (Laws 1931, chap. 280), the legislature declared the reason for the amendment then made as follows:

"Whereas the Supreme Court of North Dakota has held that a building assessed against an erroneous description does not constitute property omitted from taxation;

"Therefore, an emergency is hereby declared to exist and this Act shall take effect and be in force from and after its passage and approval."

The only change made by the legislative assembly in 1931, in chapter 198, Laws 1925, was in § 1 thereof. The other provisions of said chapter 198, Laws 1925, remained precisely as they were. The language of the amendment made in 1931, as well as the positive declaration of the legislature, demonstrates to a certainty that the sole purpose of chapter 280, Laws 1931, was to change the rule of the statute as it had been announced in Marshall Wells Co. v. Foster County, supra, only in so far as it declared "that a building assessed against an erroneous description does not constitute property omitted from taxation," and to extend the provisions of the statute to a case where "any building or other structure has been listed and assessed against a lot or tracts of land other than the true site or actual location of such build-

180

ing," and in such case to confer power upon the county auditor to "correct the description and add the assessment thereof to the assessment of the lot upon which it is actually located," but this without prejudice to the rights of a purchaser for value without actual or constructive notice of the error or omission. Laws 1931, chap. 280.

It will be noted that the several provisions of chapter 198, Laws 1925, quoted above, all refer to *omitted property*. In Marshall Wells Co. v. Foster County, supra, this court said that the authority which the statute conferred upon the county auditor and the county commissioners "is expressly limited to *omitted* property and does not include the power to revalue property which has been listed and assessed by the assessor." Chapter 280, Laws 1931, did not in any manner change this rule, but recognized it, and retained it in force, except in so far as it prevented assessment of a building or structure that had been omitted in fixing the value of real estate. If the lawmakers had desired to change the rule announced in Marshall Wells Co. v. Foster County, supra, that the authority of the county auditor to assess and add property to the assessment books is limited to *omitted property,* and that the auditor has no authority to assess and revalue any property that has been listed and assessed by the assessor, even though the assessor may have overlooked and failed to consider some item or element of value in property listed and assessed by him, they would doubtless have done so. It would have been a simple matter to have provided that where some item or element of value in a property has not been considered and included in the assessment made by the assessor, the county auditor shall have the power to assess and add to the assessment the value of that which the assessor failed to assess. But, the lawmakers did not do this. On the contrary, they said, in effect, "we agree that the authority conferred upon the county auditor by the laws of this state is and should be expressly limited to omitted property and does not include the power to revalue property which has been listed and assessed by the assessor," with the single exception we desire to provide further that "if a building or other structure, assessed as real estate is in the assessment thereof, described as though situated upon a lot or tract of land other than that upon which it is in fact situated, the auditor shall correct the assessment upon which it is actually located;" but in such case "the rights of a purchaser for value without actual or constructive

notice of such error or omission shall not be prejudiced by such correction, addition, or assessment."

Under the laws in force during all the time involved in this controversy, it was the duty of every owner of taxable personal property to list the same with the assessor, and he was required "when called upon by the assessor" to "make out and deliver to the assessor a statement verified by oath, of all the personal property in his possession or under his control, and which . . . he is required to list for taxation." Comp. Laws 1913, § 2102; Laws 1925, chap. 206. It was, and is, the duty of the assessor to "call at the office, place of business or residence of each person required . . . to list property and list his name, and . . . require such person to make a correct statement of his property." And each person, whose name and property is so listed, is required to "enter a true and correct statement of such property in the form prescribed, which statement shall be signed and verified by the oath of the person listing the property, and delivered to the assessor, who shall thereupon assess the value of such property and enter the same in his book." Comp. Laws 1913, § 2128. Section 2108, Comp. Laws 1913, provides that when, under the law, a merchant is "required to make out and deliver to the assessor a statement of his personal property, he shall state the value of such property pertaining to his business as a merchant." But the duty of the assessor does not end with procuring the statement. It was, and is, his duty "to determine the true and full value" of the property listed. Comp. Laws 1913, §§ 2103, 2128; Laws 1925, chap. 206. The assessor has authority to examine persons under oath in event he is of the opinion that a "full, fair and complete list of . . . property" has not been made. Comp. Laws 1913, § 2107.

The laws in force during all the time involved in this controversy provided: "The . . . president and auditor of each incorporated village, and the mayor, auditor and senior aldermen from the several wards of each city . . . shall meet on the second Monday of June . . . for the purpose of reviewing the assessment of property . . . , and they shall immediately proceed to examine, ascertain and see that all taxable property . . . has been properly placed upon the list and duly valued by the assessor; and in case any property, real or personal, shall have been omitted by inadvertence or otherwise, it shall be

the duty of said board to place the same upon the list with the true value thereof, and proceed to correct the assessment, so that each tract or lot of real property, and each article, parcel or class of personal property shall be entered on the assessment list as the true value thereof; . . ." Comp. Laws 1913, § 2133. It must be presumed that the assessor and the members of the board of review performed their duties, and there is no allegation in the complaint in this case that they did not.

Chapter 198, Laws 1925, as amended by chapter 280, Laws 1931, authorizes a county auditor to assess and add to the assessment books *only omitted* property. Every provision of chapter 198, Laws 1925, as amended by chapter 280, Laws 1931, relating to the procedure to be followed by the auditor and the county commissioners in assessment and review of assessment, has reference only to *omitted* property. If the auditor discovers that the assessor has failed to return the full amount of all property required to be listed in his district, has omitted property subject to taxation, or that a false statement of personal property has been made by the person required to list the property, so that as a result certain property, subject to taxation, has not been assessed, then, and only then, is the county auditor authorized to act. It is not enough that there be a false statement—the false statement must have resulted in taxable property being *omitted* by the assessor. If a false statement of property is made, and taxable property omitted therefrom, and the assessor himself discovers the falsity and actually includes the omitted property in the assessment, the county auditor has no authority to act, because in such case, notwithstanding the false statement, there is no omitted property to assess and add to the assessment. It is the fact that there has been given to the assessor "a false *statement of personal property*" which has resulted in property being "omitted" from assessment that authorizes the auditor to "proceed to correct the assessment books and *add such property* and assess it at its full and true value."

A statement is a recital, a narrative. The Century Dictionary and Cyclopedia, Vol. 9. A statement of personal property is a recital—a list of such property. A statement of personal property is one thing, and a statement of the value of personal property another. It is the "false statement of personal property" (a statement from which prop-

erty has been omitted) which authorizes the county auditor to proceed and assess and add the property that has actually been omitted. In the very nature of things, the value of a stock of merchandise is generally, if not always, a matter of opinion. Under the statute, it is the duty of the assessor to determine the value of each stock of merchandise listed for taxation. The value which a merchant places upon the stock in no sense dispenses with, or lessens, the duty of the assessor "to determine the true and full value" thereof, or the duty of the local board of equalization to review the assessment made by the assessor. These duties exist whether the assessor does, or does not, receive a statement from the owner of the property.

There is no allegation that the owner did not correctly list his personal property. The allegation is that he falsely reported the value of the stock to be less than it was. There is no allegation that the owner concealed any part of the stock, or otherwise prevented the assessor from viewing the property and determining the value thereof. According to the allegations of the complaint, the stock was assessed each year, taxes were levied, and such taxes have been paid.

The county auditor did not assess and add omitted property; he attempted to reassess property that had been assessed by the assessor, and reviewed by the local board of review.

The assessments in question here were unauthorized and furnish no basis for a cause of action. The decision of the trial court is correct. The order appealed from is affirmed.

NUESSLE and SATHRE, JJ., concur.

MORRIS, J. (dissenting). This is an appeal from an order sustaining a demurrer to the complaint of Golden Valley county which seeks to recover from the estate of Nathaniel Greengard, deceased, for taxes levied against a stock of merchandise and fixtures of a clothing store operated by the deceased during the years 1918 to 1934, inclusive.

The complaint contains separate causes of action representing the various years for which the plaintiff seeks to recover taxes. Since these causes of action are the same except as to dates and amounts, a consideration of the first cause of action will be sufficient as a basis upon which to determine the sufficiency of the complaint. After alleging the

operation of the store by the deceased, the appointment of one of the defendants as administrator-trustee the other as resident-agent and the continued operation of the store by them, the complaint goes on to state that during the year 1918 the defendants or their predecessors in interest reported to the assessor that the value of the stock and fixtures in the store was the sum of $1,654, that the actual valuation of the property that should have been reported was $12,696.58, and, "that the report to the assessor was false and fraudulent and was known by the predecessors in interest of the defendants to have been false and fraudulent at the time the same was made, and that the plaintiff and its officers have just ascertained the facts with reference to such false and fraudulent statements." It is then alleged that the county commissioners authorized the bringing of the action; that immediately upon ascertaining the facts the county auditor of Golden Valley county proceeded to enter upon the assessment roll of property which had escaped taxation, the sum of $371.58 taxes for the year 1918, and $910.37 interest and penalty making a total of $1,281.95; that the county auditor has corrected the books in accordance with the facts and has added such omitted property and assessed it at its true and full value and has figured taxes thereon at 50 per cent of the true value as provided by law during the year 1918. The complaint also alleges that due notice has been given as required by law and that the board of county commissioners has reviewed, equalized and confirmed the taxes so assessed and that the same have been entered upon the tax list of Golden Valley county.

The appellant contends that Nathaniel Greengard by rendering a statement to the assessor that his stock of merchandise and fixtures were of the value of $1,654 when the actual value was $12,696.58, rendered a false statement to the assessor and that as a result thereof the major portion of the stock of goods was not taxed, and that the auditor of Golden Valley county was entitled to treat that portion of the stock represented by the unreported value as property that had escaped taxation and that it was the duty of the county auditor to proceed under the provisions of chapter 198, N. D. Sess. Laws 1925 (Supp. Comp. Laws § 2304a1) as amended by chapter 280, N. D. Sess. Laws 1931, to correct the assessment, tax and assess such property at its full and true value. The appellant also contends that the county auditor has

proceeded in accordance with the statute above cited that the property has now been assessed according to law and that the appellant county is entitled to recover against the estate of the deceased the taxes and penalties due.

The respondents contend that the property in question has all been assessed and that even though the value thereof be far below the actual value that such assessment as so made covered the entire stock of goods and that no part thereof can be treated as property which has escaped taxation, and that the auditor is without power to reassess property against which a complete assessment has been levied, and the taxes thereon paid. They distinguish between specific omitted property which is susceptible of identification and value not listed and argue that the stock of goods and merchandise was an indivisible item for taxation purposes and that value not listed does not constitute property that has escaped taxation.

The procedure for the assessment of personal property is wholly statutory. The auditor's authority must be determined from the statutes. Section 1 of chapter 198, N. D. Sess. Laws 1925 (Supp. Comp. Laws, § 2304a1) as amended by chapter 280, N. D. Sess. Laws 1931, so far as it is pertinent to this case provides that: "Whenever the county auditor shall discover that taxable real or personal property has been omitted in whole or in part in the assessment of any year or years or that any building or other structure has been listed and assessed against a lot or tract of land other than the true site or actual location of such building, or *that any person has given the assessor a false statement of his personal property* or that the assessor has not returned the full amount of all property required to be listed in his district, or has omitted property subject to taxation, he shall proceed to correct the assessment books in accordance with the facts in the case and shall correct such error or omission in assessment and shall add such omitted property and assess it at its true and full value." (Italics supplied.) The statute then sets forth the procedure to be followed in assessing the escaped or omitted property and provides the manner in which it shall be entered upon the tax lists.

Respondents' argument loses much of its force when we note that the statute does not limit the authority of the county auditor to the assessment of omitted items of property, but authorizes him to correct

an error or omission in assessment when the taxpayer has given the assessor a false statement of his personal property. The amount of property subject to taxation may be measured in items or in value depending upon statutory provisions. When the statute requires the owner to list the value of certain property instead of items, a false value renders the statement false.

It becomes the duty of the county auditor when he discovers that any person has given the assessor a false statement of his personal property to proceed to correct the assessment books in accordance with the facts. In order to determine what constitutes a false statement of a stock of merchandise we must examine the statutes dealing with the assessment of such property. Section 1 of chapter 206, N. D. Sess. Laws 1925 (Supp. Comp. Laws, § 2094) makes it the duty of the taxpayer to list all of his taxable personal property with the assessor. Section 2128, N. D. Comp. Laws 1913, imposes upon the assessor the duty to require the taxpayer to make a correct statement of his property and upon the taxpayer the reciprocal duty to make such statement. Under § 2108, Comp. Laws 1913, an added duty is placed upon the taxpayer who is a merchant, "when he is by this article required to make out and deliver to the assessor a statement of his personal property, he shall state the value of such property pertaining to his business as a merchant." Sections 2108 and 2128 were originally enacted as sections of chapter 126, N. D. Sess. Laws 1897. It is, therefore, the duty of a merchant to give the assessor a statement of his personal property and to state the value of that part of such property that pertains to his business as a merchant. If the value which he gives is false it renders the statement false as to that property for which his statement as to value is required. If the merchant falsely and fraudulently states only a small part of the value of his stock of goods as is alleged in the complaint in this action, he "has given to the assessor a false statement of his personal property" within the meaning of chapter 198, N. D. Sess. Laws 1925. When the county auditor discovers that such a false statement has been made, it is his duty to proceed to correct the assessment in accordance with the provisions of that chapter.

The complaint states facts sufficient to show that the county auditor had authority to and did proceed to assess the property involved in accordance with the provisions of chapter 198, supra. The complaint

seeks to recover penalty in excess of that authorized by the above statute which provides, "In the case of personal property, such taxes shall be entered upon the most recent delinquent personal property tax list. . . . Taxes upon escaped property for prior years, whether upon real or personal property, shall be subject to the same penalties and collection thereof shall be forced at the same time and by the same method as other taxes upon the lists upon which they are entered." The prayer for excessive penalty, however, does not destroy the cause of action, but merely goes to the amount of recovery.

The respondents cite Marshall Wells Co. v. Foster County, 59 N. D. 599, 231 N. W. 542. That case involves the assessment of real property upon which the value is placed by the assessor, no statement of value being required from the owner. A store building located on lots seven and eight had been erroneously assessed upon lot number five. The board of county commissioners instructed the county auditor to cancel the excessive taxes on lot five, which was a vacant lot. The county auditor undertook to assess the value of the building against lots seven and eight as omitted property under the provisions of chapter 198, Sess. Laws 1925. The court held that the building could not be taxed as omitted property, saying, "It is also clear that the buildings on lots seven and eight were assessed against lot five so that none of the property was actually omitted in the assessment for any of the years involved," and further held that chapter 198, supra, does not give the county auditor the power to revalue property which has been listed and assessed by the assessor. The holding in that case is not inconsistent with the right of the county auditor to proceed to assess a stock of merchandise and fixtures under the provisions of chapter 198, supra, which has largely escaped bearing its proper share of taxes because of false statements as to value rendered by the owner to the assessor.

The respondents also contend that personal property taxes do not constitute a personal obligation of the tax debtor, and are, therefore, not collectible by judgment and execution. They cite Hertzler v. Freeman, 12 N. D. 187, 96 N. W. 294, wherein it was held that a tax upon real estate does not create a personal obligation of the owner, but is merely a charge against the land. Respondents then argue by analogy that personal property taxes may not be enforced by general judgment and

execution, but only by distraint as provided by chapter 279, N. D. Sess. Laws 1931. The remedy of distraint, however, is not exclusive. Our statutes also contemplate the procurement of a judgment against the tax debtor for delinquent personal taxes as is indicated in the following sections of the 1913 Comp. Laws.

Section 2172. "Whenever it is deemed expedient by the board of county commissioners of any county to collect delinquent personal taxes by action, they shall have the power to institute such an action in the name of the county for and on behalf of the county.

Section 2179. "Upon payment to the county treasurer of any personal property tax for which judgment has been obtained, the treasurer shall deliver a certificate of the fact of such payment to the clerk of the court, who shall satisfy the judgment upon the margin of the record thereof, by stating the date of payment, and number of the receipt given therefor, and file such certificate."

In State v. O'Connell, 170 Minn. 76, 211 N. W. 945, the court considered contentions similar to those made by the respondents herein. In the syllabus of that case the court said:

"The owner of personal property, omitted from the tax rolls, becomes liable for the tax thereon at the time the property ought to have been placed upon the rolls, and this liability continues until the tax is discharged by payment."

"Where personal property has been omitted from the tax rolls, taxes thereon which accrued against the owner in his lifetime may be enforced against his estate after his death."

Section 2093, Supplement to Compiled Laws, provides that: "Personal property shall be listed and assessed annually with reference to its value on April first." Personal property is of such a nature that it may be readily transferred, transported, consumed or altered. It is usually neither fixed as to location nor permanent as to condition. The statutes impose upon the taxpayer the duty to list and return his personal property as of April first in order that the taxpayer's obligation may be fixed as of that date, although actual assessment may not occur until sometime later. The obligation thus incurred when completed by assessment is more than an inchoate lien against the property that may be perfected and enforced by destraint. It is an obligation which may be enforced against the taxpayer or his estate by legal action.

The complaint states a cause of action and the demurrer should be overruled.

Burr, J., joins in this dissent.

Per Curiam (on petition for rehearing).

The foregoing decision of this court was filed in this case on December 31st, 1938. The case was decided by a divided court. The majority opinion written by the Chief Justice was concurred in by Judges Nuessle and Sathre. Judges Morris and Burr dissented. On January 1st, 1939, there was a change in the membership of the court. On that day Judge Sathre retired from office and was succeeded by Judge Burke. On January 19th, 1939, the defendant filed a petition for rehearing. The grounds of the petition are that the construction placed upon §§ 2108, Comp. Laws 1913, chap. 198, Laws 1925, and chap. 280, Laws 1931, and the decision of this court in Marshall Wells Co. v. Foster County, 59 N. D. 599, 231 N. W. 542, is incorrect. The only other ground urged is that neither the majority nor the dissenting opinion considered the question whether fraud on the part of a taxpayer in making his return will vitiate the assessment irrespective of statute. The question whether an assessment is vitiated by the fraudulent representations of a taxpayer as to the value of his property, irrespective of statutory provisions is, as we deem it, not involved in the case.

The members of the court are all agreed that any authority the county auditor had to make an assessment arose solely by virtue of the statute, and that if the statute did not authorize an assessment to be made by the county auditor, then there is nothing upon which any right of recovery in behalf of the plaintiff county can be predicated at all. In short, all members of the court, both those who signed the majority opinion and those who signed the dissenting opinion, are agreed that the complaint does not state facts sufficient to constitute a cause of action, unless the statute under which the county auditor purported to make an assessment authorized him so to do.

So far as concerns the construction of the several statutes and the decision of this court in Marshall Wells Co. v. Foster County, the petition for rehearing is a reargument of the questions which gave

rise to the litigation and that were fully considered on the former appeal. While the members of the court disagreed as to the construction to be placed upon these statutory provisions, they are all agreed that the petition for rehearing filed in this case does not present any cause for which a rehearing ought to be granted. Rule 16, Rules of Practice. The petition for rehearing is, in reality, a reargument of questions determined by the former opinion. The mere fact that there has been a change in the membership of the court does not afford any reason for a rehearing. Carol v. New York L. Ins. Co. 49 N. D. 813, 814, 193 N. W. 471. 4 C. J. S. p. 2029, § 1412.

The members of the court are all agreed that the questions presented in the petition for rehearing were all considered and disposed of adversely to the plaintiff by the former decision, and that in making such decision the majority of the court as then constituted had before them and considered all material questions actually involved, and that it is not shown that they overlooked any controlling decision or statute.

The petition for rehearing is therefore denied.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and MORRIS, JJ., concur.