2016 ND 100

**PLAINS MARKETING, LP and Van Hook Crude Terminal, LLC, Appellants**

**v.**

**MOUNTRAIL COUNTY BOARD OF COUNTY COMMISSIONERS, Appellee.**

No. 20150346.

Supreme Court of North Dakota.

May 26, 2016.

Michael W. Green (argued) and Daniel W. Barker (appeared), Helena, MT, for appellants.

Wade G. Enget, Stanley, N.D., for appellee.

KAPSNER, Justice.

[¶ 1] Plains Marketing, LP and Van Hook Crude Terminal, LLC, appeal from an order affirming a Mountrail County Board of County Commissioners' decision denying their application for an abatement of 2013 real estate taxes for three parcels of land in Mountrail County. They argue this Court should reverse the County Board's denial of their application for an abatement because the County Board incorrectly applied the omitted property provisions in N.D.C.C. ch. 57–14. We agree and reverse the order.

I

[¶ 2] The issue raised in this appeal involves the 2013 real estate assessments for three parcels of land in Mountrail County owned by Plains Marketing and Van Hook. The Van Hook Crude Terminal is located on one of the parcels and the Manitou LPG Rail Terminal is located on the other two parcels. The terminals are loading facilities used to transfer oil and liquid petroleum gas resources into rail cars. Each parcel was substantially improved between the 2012 and 2013 assessments, and Mountrail County hired Thomas Y. Pickett and Associates to value the improvements for the 2013 tax year. Pickett issued reports valuing the parcels, including the improvements, and the Mountrail County Assessor adopted Pickett's valuations and issued notices of increases in the real estate assessment for each parcel in May 2013. The 2013 assessments increased the assessed valuation for each parcel by three thousand dollars or more and ten percent or more from the 2012 assessed valuation, and Mountrail County concedes it failed to timely notify the property owners of a local board of equalization meeting under N.D.C.C. § 57–12–09, now codified at N.D.C.C. § 57–02–53, before issuing the May 2013 notices of increases to the property owners. See Fisher v. Golden Valley Bd. of Cty. Comm'rs, 226 N.W.2d 636, 647 (N.D. 1975) (holding notice requirement of N.D.C.C. § 57–12–09 is jurisdictional, and if notice is not provided to property owners, any increase in assessed valuation exceeding specified percent of previous assessed valuation is invalid). The property owners appealed the increased valuations to the Mountrail County Board, and the County Board adopted the assessed valuations in the assessor's notices of increases.

[¶ 3] The property owners appealed to the State Board of Equalization, claiming the assessments included exempt personal property and they did not receive timely notice of the increases in the assessments under N.D.C.C. § 57–12–09. The State Board ordered a reduction of the 2013 valuations of the three parcels to the 2012 true and full values of the improvements. The State Board's minutes provide:

[Counsel] reviewed the notice of increased assessment with the Board,

what constituted proper notice, and what the consequences were if an entity failed to provide proper notice. If an assessor increased the true and full valuation of any lot or tract of land including any improvements thereon by three thousand dollars or more and to ten percent or more than the amount of the last assessment, written notice of the amount of increase must be delivered in writing by the assessor to the property owner, or mailed in writing to the property owner. Delivery of notice to the property owner must be completed not fewer than fifteen days before the meeting of the local equalization board. [Counsel] stated if notice is not received as prescribed by law, the North Dakota State Supreme Court has ruled that the local boards could not raise the valuation on property to the full amount of the increase they were seeking.

. . . .

[Staff] reported on the appeal of Plains Marketing, LP; Van Hook Crude Terminal, LLC. Three parcels in Mountrail County did not receive notice of increase in assessment for 2013. Parcels include: 45–0010800 Van Hook Crude Terminal; 20–0008100 Plains Marketing; 20–0009300 Plains Marketing. Mr. Barker appeared at the State Board of Equalization Meeting held August 13, 2013, on behalf of Plains Marketing, LP and Van Hook Crude Terminal, LLC to protest the valuations on three parcels located in Mountrail County. Mr. Barker contended that the owners of the above-referenced parcels did not receive notification of increase in assessment from any political subdivision. Mr. Barker also contended that the valuation of the parcels contained personal property which he asserted was exempt under N.D.C.C. § 57–02–25. Lori Hanson, Mountrail County Tax Director spoke during the Board meeting on August 13, 2013. In her testimony, Ms. Hanson acknowledged that she failed to properly notify the companies of the local board of equalization meeting. [Staff] recommended the Board reduce parcel 45–0010800 Van Hook Crude Terminal, LLC to 2012 true and full value of the improvements. Reduce Parcel 20–0008100 Plains Marketing, LP to 2012 true and full value of the improvements. Reduce parcel 20–0009300 Plains Marketing, LP to 2012 true and full value of the improvements. [Staff] also recommended the Board direct the Mountrail County Tax Director's office to send notices out as required by N.D.C.C. § 57–12–09.

It was moved by Mr. Fong and seconded by Mr. Peterson to approve staff recommendation.

Upon roll call, all members present voted "aye." Motion carried.

The State Tax Commissioner's notice to the Mountrail County Auditor required the Auditor to reduce the assessed valuations for the parcels "to 2012 true and full value of the improvements," and the property owners paid the 2013 property taxes for the parcels based upon the 2012 true and full values.

[¶ 4] In January 2014, the Mountrail County Auditor issued assessment notices for the three parcels for property escaping assessment for the 2013 tax year, increasing the assessed valuation for each of the three parcels by the same amount the State Board of Equalization had reduced the assessed valuation for each parcel. The property owners objected and appealed to the Mountrail County Board, claiming the omitted property statutes were misapplied. The County Board approved the omitted property assessments, which resulted in increasing the valuation for each parcel by the same amount the State

Board had reduced the 2013 assessments for each parcel. The property owners paid $260,752.17 in additional taxes for the omitted property assessments under protest and applied for an abatement, claiming the Auditor was not authorized to use the omitted property statutes for the 2013 assessments and the assessments included personal property. The County Board denied the applications for an abatement and explained the omitted property tax assessments were a valid exercise of the Auditor's duty under N.D.C.C. ch. 57–14. The County Board's written decision explained the State Board of Equalization's decision to reduce the true and full value of all parcels to the 2012 valuations was "due to the failure of the County to timely send out the statutory notices, and not due to other considerations."

[¶ 5] The district court affirmed the Mountrail County Board's decision, stating the "Court [found] it credible that a reasoned and reasonable mind could conclude the Board's action was based upon the procedural error of not notifying [the property owners] in a timely manner in 2013 is the reason the value of the property was reduced to its 2012 levels." The court explained the property owners were "unable to show the Board acted 'arbitrarily, capriciously, or unreasonably, or there [was] not substantial evidence supporting the decision.' Rather, the Board's decision was reasoned and that a reasonable mind could conclude from substantial evidence that the [State Board of Equalization's] purpose for reducing the value of the parcels was due to the procedural error" of not notifying the property owners in a timely manner in 2013. The property owners appeal from the court's final order affirming the County Board's decision. *See Trollwood Village Ltd. P'ship v. Cass Cty. Bd. of Cty. Comm'rs*, 557 N.W.2d 732, 734 n. 1 (N.D.1996) (appeal authorized from decision intended to be final order).

II

▮ [¶ 6] In an appeal from a decision by a board of county commissioners, the "principle of separation of powers precludes parties from relitigating the correctness and propriety of the county commission's decision and prevents a reviewing court from sitting as a super board and redeciding issues that were decided in the first instance by the county commission." *Hagerott v. Morton Cty. Bd. of Comm'rs*, 2010 ND 32, ¶ 7, 778 N.W.2d 813. We have explained that deferential standard of review:

> When considering an appeal from the decision of a local governing body under N.D.C.C. § 28–34–01, our scope of review is the same as the district court's and is very limited. This Court's function is to independently determine the propriety of the [Board's] decision without giving special deference to the district court decision. The [Board's] decision must be affirmed unless the local body acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation.

*Grand Forks Hous. Auths. v. Grand Forks Bd. of Cty. Comm'rs*, 2010 ND 245, ¶ 6, 793 N.W.2d 168 (quoting *Hagerott*, at ¶ 7).

▮ [¶ 7] Our deferential standard of review ensures that a court does not substitute its judgment for that of the local governing body. *Hector v. City of Fargo*, 2009 ND 14, ¶ 9, 760 N.W.2d 108. In reviewing factual findings by a county board, we will not reverse its decision sim-

ply because we may have found other evidence more convincing; instead, we will reverse the board's decision only if there is an absence of evidence or reason which constitutes arbitrary, capricious, or unreasonable action. *Ulvedal v. Board of Cty. Comm'rs of Grand Forks Cty.*, 434 N.W.2d 707, 709 (N.D.1989). A county board's interpretation of a statute, however, is fully reviewable, and a board's failure to correctly interpret and apply controlling law is arbitrary, capricious, and unreasonable. *Gullickson v. Stark Cty. Bd. of Cty. Comm'rs*, 474 N.W.2d 890, 892 (N.D.1991).

### III

[¶ 8] The property owners argue the Mountrail County Board incorrectly applied the statutory provisions in N.D.C.C. ch. 57–14 for correcting omitted property assessments because no property was omitted from the 2013 assessments. They argue the omitted property statutes are not applicable because the State Board of Equalization reduced the assessed valuations of the three parcels for the 2013 assessment and did not remove taxable property from the assessments. They assert the County Board's decision revalues the parcels in violation of state law and circumvents the State Board of Equalization's authority.

[¶ 9] Section 57–14–01, N.D.C.C., describes a county auditor's authority to correct a clerical error, omission, or false statement in a property assessment and provides:

Whenever the county auditor discovers that:

1. Taxable real property has been omitted in whole or in part in the assessment of any year or years;

2. Any building or structure has been listed and assessed against a lot or tract of land other than the true site or actual location of such building;

3. The assessor has not returned the full amount of all property required to be listed in the district or has omitted property subject to taxation; or

4. The assessor has made a clerical error in valuing real property, provided the assessor furnishes the county auditor with a written statement describing the nature of the error, which statement the county auditor shall keep on file,

the county auditor shall proceed to correct the assessment books and tax lists in accordance with the facts in the case and shall correct such error or omission in assessment, and shall add such omitted property and assess it at its true and full value, and if a building or other structure, assessed as real estate in the assessment thereof, is described as though situated upon a lot or tract of land other than that upon which it in fact is situated, the county auditor shall correct the description and add the assessment thereof to the assessment of the lot upon which it actually is located, if the rights of a purchaser for value without actual or constructive notice of such error or omission are not prejudiced by such correction, addition, or assessment.

[¶ 10] This Court has consistently recognized a county auditor may not use the omitted property statutes to reassess and revalue property that has been listed and assessed. *See Mueller v. Mercer Cty.*, 60 N.W.2d 678, 683–85 (N.D.1953); *Golden Valley Cty. v. Greengard's Estate*, 69 N.D. 171, 178–83, 284 N.W. 423, 427–28 (1938); *Marshall Wells Co. v. Foster Cty.*, 59 N.D. 599, 601–03, 231 N.W. 542, 544–45 (1930).

[¶ 11] In *Golden Valley*, 69 N.D. at 175–76, 284 N.W. at 424–25, the county sought to use the omitted property statutes to collect personal property taxes

from an estate for 1918 through 1934 for certain merchandise and fixtures in a store operated by the decedent. The decedent had reported to the assessor that the contested property had a value of about $7,000 and the property was contemporaneously assessed at that value for those years. *Id.* The county later claimed the property had a value of about $15,000 and sought to levy on the difference in value as omitted property. *Id.* at 175–76, 284 N.W. at 424–25. This Court held the county was not permitted to treat the claimed difference in value as omitted property because the statutory authority extended to omitted property and did not allow the county to revalue property that previously had been assessed. *Id.* at 182–83, 284 N.W. at 428.

[¶ 12] In *Marshall Wells*, 59 N.D. at 599–601, 231 N.W. at 543–44, the county issued a notice of escaped property assessment for previous tax years, claiming additional real estate taxes for a building on one lot that had been mistakenly assessed against the wrong lot in those years. This Court said that under the applicable omitted property statutes, taxable real property included the aggregate value of all buildings, structures, and improvements and explained because the lots and buildings were assessed in the previous years, the auditor had no authority to later revalue and reassess those lots as omitted property. *Id.* at 601–03, 231 N.W. at 544–45.

[¶ 13] In *Mueller*, 60 N.W.2d at 679, this Court considered an assessor's authority to assess a residence under the omitted property statutes in a case involving the county's claim for a tax lien for unpaid taxes resulting from an assessment of the residence. This Court said *Marshall Wells* was not controlling because a 1931 statutory amendment authorized an auditor to assess the value of a building that had been assessed against the wrong tract of land. 60 N.W.2d at 683. This Court also cited language in the predecessor to

N.D.C.C. § 57–02–27 to the effect that "[i]n assessing any tract, or lot of real property, there shall be determined the value of the land, exclusive of improvements, and the value of all taxable improvements and structures thereon, and the aggregate value of the property, including all taxable structures and other improvements." *Mueller*, at 682. This Court explained under that statute the county's assessment records included separate assessment columns for "lots and lands," "residential structures," and a "total assessor's value." *Id.* This Court said the relevant column for the value of residential structures did not include a number and the assessor had not made a valuation for the residence for the relevant years despite the residence being on the land. *Id.* This Court held that because no valuation had been made for the residence, it was omitted property subject to valuation when the omission came to the attention of the auditor. *Id.* at 682–85.

[¶ 14] The common thread in our cases interpreting the omitted property statutes precludes a revaluation of previously assessed property. *Mueller*, 60 N.W.2d at 682–85; *Golden Valley*, 69 N.D. at 182–83, 284 N.W. at 427–28; *Marshall Wells*, 59 N.D. at 601–03, 231 N.W. at 544–45.

[¶ 15] The resolution of the issue raised in this appeal involves the effect of the State Board of Equalization's decision requiring the Mountrail County Auditor to reduce the 2013 assessments of the three parcels to the 2012 true and full values in the context of the assessor's failure to give the required notice of the 2013 increase in the assessments. The Auditor initially adopted the valuations in Pickett's report, including the improvements to the three parcels between the 2012 and 2013 assessments, for the 2013 valuations for the parcels. The Mountrail County Board thereafter adopted those assessed valuations for the 2013 tax year. The property owners

appealed to the State Board of Equalization, and the State Board reduced the valuations to the 2012 true and full value of the improvements. The property owners paid their 2013 taxes for the parcels based on the State Board's decision. The Auditor thereafter issued assessment notices for property escaping assessment for the 2013 tax year, increasing the assessed valuations for the three parcels by the same amount the State Board had reduced the assessed valuations for each parcel.

[¶ 16] The State Board of Equalization has authority to equalize the valuation and assessment of property throughout the state. N.D.C.C. § 57–13–04. In equalizing individual assessments, the State Board has authority to reduce the assessment on any parcel if the property owner has appealed the assessment to the Board and the owner has appealed to the local equalization board and to the county equalization board. N.D.C.C. § 57–13–04(3). A property owner may appeal an assessment to the State Board if the owner was foreclosed from attending assessment proceedings because of the failure to substantially comply with the notice requirements of N.D.C.C. ch. 57–02 or 57–12. N.D.C.C. § 57–13–04(9). The determination of the State Board may not be impaired, vitiated, nor set aside upon any ground not affecting substantially the reasonableness of the tax. N.D.C.C. § 57–13–06.

[¶ 17] Under N.D.C.C. § 57–12–09, now codified at N.D.C.C. § 57–02–53, when any assessor has increased the true and full valuation of any lot or tract of land and improvements by three thousand dollars or more and ten percent or more from the previous year's assessment, the assessor shall deliver a notice of the increase to the property owner at least fifteen days before the meeting of a local board of equalization. This Court has held that notice requirement is jurisdictional and any increase exceeding the specified percentage is invalid. *Fisher*, 226 N.W.2d at 647.

[¶ 18] Mountrail County concedes it failed to timely notify the property owners of a local board of equalization meeting before increasing the 2013 assessments. The property owners appealed the 2013 assessments, which included the improvements, to the State Board of Equalization, and the effect of the State Board's decision for the 2013 assessments ostensibly valued the parcels, including the improvements, at the 2012 true and full values. All the property, including the improvements, was listed in the 2013 notices of assessment, and the State Board had the authority to make a substantive decision regarding the 2013 valuations. The State Board did not limit the assessments to a ten percent increase. Rather, the State Board established a valuation for the 2013 assessments, including the listed improvements, at the 2012 true and full values. *See Cridland v. North Dakota Workers Comp. Bureau*, 1997 ND 223, ¶¶ 18–22, 571 N.W.2d 351 (discussing administrative res judicata). We conclude the Mountrail County Auditor was not authorized to use the omitted property statutes in N.D.C.C. ch. 57–14 to revalue or circumvent the State Board's 2013 valuations. We therefore conclude the County Board misapplied the law for omitted property, and we reverse the order upholding the County Board's decision.

IV

[¶ 19] We reverse the district court's order.

[¶ 20] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.