# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 83

Hudye Group LP,                                                                    Appellant

      v.

Ward County Board of Commissioners,                         Appellee

### No. 20210279

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Jessica L. Merchant, Minot, ND, for appellant; submitted on brief.

Mitchell D. Armstrong and Jon C. Lengowski, Special Assistant State's Attorneys, Bismarck, ND, for appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]  Hudye Group LP ("Hudye") appealed from a district court judgment affirming the Ward County Board of Commissioners' ("the Board") decision to deny Hudye's applications for abatement or refund of taxes as untimely. Hudye argues the failure to consider abatement requests received by the City Assessor's Office on the first business day following the November first deadline results in an unjust outcome. We affirm.

I

[¶2]  Hudye filed applications for abatement or refund of taxes relating to 85 acres of property that had been divided into 92 parcels which are located in Ward County, North Dakota. The applications requested a reduction of the assessed values for the 2018 and 2019 tax years.

[¶3]  Hudye mailed their applications to the Minot City Assessor's office on October 28, 2020. The City Assessor's office received the applications on November 2, 2020. On November 9, 2020, Hudye received a letter from the Minot City Assessor specifying that the application needed to be refiled in duplicate with the Ward County Auditor. Hudye mailed the applications to the Ward County Auditor on November 19, 2020. On November 20, 2020, the Ward County Auditor's Office received the applications.

[¶4]  The Minot City Council considered the abatement applications for both the 2018 and 2019 tax years. Based on the City Assessor's recommendation, the Council partially approved the applications for the 2019 tax year and denied the applications for the 2018 tax year as untimely. The Board heard the applications on January 5, 2021. The Board partially approved the application for the 2019 tax year and denied the application for the 2018 tax year. The Board issued a written decision denying the application for the 2018 tax year. The Board reasoned the abatement applications were not filed in the County Auditor's office on or before November first of the year following the year in which the tax became delinquent as required by statute.

1

[¶5]   Hudye appealed the Board's decision to the district court. The parties submitted briefs addressing the issue.  The court affirmed the Board's decision and found the Board's decision was achieved by a rational mental process. The court entered judgment and notice of entry of judgment.

## II

[¶6]   Hudye argues the Board acted unreasonably when it denied its abatement request because the request was received by the City Assessor's office the following business day, November 2, 2020.

[¶7]   We review a local governing body's decision on tax rebate and abatement applications under the arbitrary, capricious, or unreasonable standard:

> Our review of a local governing body's assessment of value for tax purposes is limited by the doctrine of separation of powers. Taxation of property is a legislative function, not a judicial function, and courts may not substitute their judgment for that of the local governing body. A reviewing court may not reverse the Board's decision simply because it finds some of the evidence more convincing; rather, the reviewing court may reverse only where there is such an absence of evidence or reason that the Board's decision is arbitrary, capricious, or unreasonable. A decision of a local governing body is arbitrary, capricious, or unreasonable only if it is not the product of a rational mental process, by which the facts and the law are considered together for the purpose of achieving a reasoned and reasonable interpretation.

*RFM-TREI Jefferson Apartments, LLC v. Stark Cty. Bd. of Comm'rs,* 2020 ND 204, ¶ 6, 950 N.W.2d 160 (quoting *Dakota Nw. Assocs. v. Burleigh Cty. Bd. of Cty. Comm'rs*, 2000 ND 164, ¶ 8, 616 N.W.2d 349). "A county board's interpretation of a statute, however, is fully reviewable, and a board's failure to correctly interpret and apply controlling law is arbitrary, capricious, and unreasonable." *Plains Mktg., LP v. Mountrail Cty. Bd. of Cty. Comm'rs*, 2016 ND 100, ¶ 7, 879 N.W.2d 75 (citing *Gullickson v. Stark Cty. Bd. of Cty. Comm'rs*, 474 N.W.2d 890, 892 (N.D. 1991)).

[¶8]   In interpreting a statute, our primary objective is to ascertain the intent of the legislature. *Midthun v. N.D. Workforce Safety Ins.*, 2009 ND 22, ¶ 10, 761 N.W.2d 572. We give words their plain, ordinary, and commonly understood meaning, unless they are specifically defined or the drafters clearly intended otherwise. *See* N.D.C.C. § 1-02-02. The language of a statute must be interpreted in context and according to the rules of grammar. N.D.C.C. § 1-02-03. When the language is clear and unambiguous, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. A statute is ambiguous if it is susceptible to different, rational meanings. *City of Lincoln v. Schuler*, 2021 ND 123, ¶ 7, 962 N.W.2d 413 (citation omitted). If a statute is ambiguous, the court may consider other extrinsic aids to determine the intent of the legislation. *See* N.D.C.C. § 1-02-39.

[¶9]   Applications for abatement or refund of property taxes must be "filed in the office of the county auditor on or before November first of the year following the year in which the tax becomes delinquent." N.D.C.C. § 57-23-04(1). Because "filed" is not a defined term in the statute, we interpret it in its ordinary sense. N.D.C.C. § 1-02-02.

[¶10] The law providing for abatement of taxes was first enacted in North Dakota in 1897. 1897 N.D. Sess. Laws ch. 126, § 59. In 1931, the Legislature repealed Section 2165 of the 1925 Supplement to the Complied laws of North Dakota for the year 1913, to provide in relevant part, the board of county commissioners the authority to abate or refund, in whole or in part, assessments or taxes:

> When the board of county commissioners is satisfied beyond a doubt that the assessment of the real or personal property described in the application for abatement is invalid, inequitable or unjustly excessive, the board may, if such application is filed on or before the first day of November in the year in which such taxes become delinquent, abate any part thereof in excess of a just, fair and equitable assessment.

1931 N.D. Sess. Laws ch. 276, § 1.

3

[¶11] In 1891, "to file" was defined as "a paper, on the part of a party, is to place it in the official custody of the clerk." *Black's Law Dictionary* 492 (1st ed. 1891). It was explained that "[i]n this country and at this day it means, agreeably to our practice, depositing them in due order in the proper office." *Id.* In 1910, "to file" was defined the same as "a paper, on the part of a party, is to place it in the official custody of the clerk." *Black's Law Dictionary* 497 (2d ed. 1910). In 1933, "file" was defined as "[t]o put upon the files or deposit in the custody or among the records of a court. To deliver an instrument or other paper to the proper officer for the purpose of being kept on file by him in the proper place." *Black's Law Dictionary* 777 (3d ed. 1933). The most recent edition of *Black's Law Dictionary* defines "file" to mean "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." *Black's Law Dictionary* 772 (11th ed. 2019). Thus, the word "filed" as used in N.D.C.C. § 57-23-04(1) has consistently meant to place in the custody of the officer charged with keeping those records.

[¶12] The plain language of N.D.C.C. § 57-23-04(1) requires applications for abatement or refund of property taxes be delivered to the county auditor's office on or before November first of the year following the year in which the tax becomes delinquent. Hudye mailed the applications to the Minot City Assessor's office which were received on November 2, 2020. It is apparent that the city assessor's office and the county auditor's office are not the same because Hudye received a letter from the Minot City Assessor on November 9, 2020, specifying that the application needed to be refiled in duplicate with the Ward County Auditor. Hudye mailed the applications to the Ward County Auditor on November 19, 2020. On November 20, 2020, the Ward County Auditor's Office received Hudye's applications. Hudye did not comply with N.D.C.C. § 57-23-04(1) because the applications were not delivered to the county auditor on or before the November first deadline. *See Trollwood Vill. Ltd. P'ship v. Cass Cty. Bd. of Cty. Comm'rs*, 557 N.W.2d 732, 733 (N.D. 1996) (holding taxpayer's applications for abatement of real estate taxes which were not filed before November first of the year after taxes became delinquent as required by N.D.C.C. § 57-23-04(1) were untimely). The Board's decision to deny Hudye's applications for the 2018 tax year was not arbitrary, capricious, or unreasonable.

4

## III

[¶13] We have considered the parties' remaining issues and arguments and conclude they are either unnecessary to our decision or are without merit.

[¶14] The judgment is affirmed.

[¶15] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte